1 | MALCOLM A. HEINICKE (SBN 194174)
2 | Malcolm.Heinicke@mto.com
  | KATHLEEN M. McDOWELL (SBN 115976)
3 | Kathleen.McDowell@mto.com
  | J. RAZA LAWRENCE (SBN 233771)
4 | Raza.Lawrence@mto.com
  | MUNGER, TOLLES & OLSON LLP
5 | 560 Mission Street
  | Twenty-Seventh Floor
6 | San Francisco, CA  94105-2907
7 | Telephone:     (415) 512-4000
  | Facsimile:     (415) 512-4077
8 |
  | Attorneys for Defendants
9 | WACHOVIA FINANCIAL SERVICES, WACHOVIA
  | MORTGAGE CORPORATION, WACHOVIA SHARED
10| RESOURCES, LLC (erroneously sued as Wachovia
  | Services, Inc.), WORLD MORTGAGE COMPANY,
11| WACHOVIA COMMERCIAL MORTGAGE, INC.,
  | WORLD SAVINGS, INC., WACHOVIA EQUITY
12| SERVICING, LLC, WACHOVIA BANK, N.A., and
13| WACHOVIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHIN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA FINANCIAL SERVICES, INC.; WACHOVIA MORTGAGE CORPORATION; WACHOVIA SERVICES, INC.; WORLD MORTGAGE COMPANY; WACHOVIA COMMERCIAL MORTGAGE, INC.; WORLD SAVINGS, INC.; WACHOVIA EQUITY SERVICING, LLC; WACHOVIA BANK, N.A.; WACHOVIA CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  4:08-cv-00684-CW<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**<br><br>[Declaration of J. Raza Lawrence filed concurrently] |

4620970.2

ADMINISTRATIVE MOTION RE:
RELATED CASES;
CASE NO. 4:08-CV-00684-CW

I.  **INTRODUCTION**

Pursuant to Civil Local Rules 3-12 and 7-11, defendants Wachovia Financial Services, Inc., Wachovia Mortgage Corporation, Wachovia Shared Resources, LLC (erroneously sued as its predecessor-in-interest Wachovia Services, Inc.), World Mortgage Company, Wachovia Commercial Mortgage, Inc., World Savings, Inc., Wachovia Equity Servicing, LLC, Wachovia Bank, N.A., and Wachovia Corporation ("Defendants") hereby submit this administrative motion to request that the Court relate the following cases:

> *Ronald Chin v. Wachovia Financial Services, Inc., et al.*, Case No. 4:08-cv-00684-CW, filed January 29, 2008; and
>
> *Ronald Chin v. Wachovia Financial Services, Inc., et al.*, Case No. 3:08-cv-01320-MMC, originally filed in the California Superior Court for the County of Alameda on January 29, 2008 and removed to the United States District Court for the Northern District of California on March 7, 2008.

The cases should be deemed related because the two complaints are virtually identical, filed against the same defendants, on behalf of the same group of employees, purporting to rely on the same factual allegations, and seeking the same damages and relief.

II.  **BACKGROUND**

Plaintiff Ronald Chin ("Plaintiff"), who alleges that he worked as a "Loan Representative" for "Defendants" from August 2006 to February 2007, filed two nearly identical lawsuits on January 29, 2008, one in federal court and the other in state court. On March 7, 2008, Defendants removed the action that Plaintiff filed in state court, and that action was assigned to the Honorable Maxine M. Chesney.

Both actions are so-called "off the clock" cases in which Plaintiff contends that he and others were properly classified as non-exempt employees but were not paid properly for all of the hours that each of them individually worked. Plaintiff also contends in both actions that Defendants did not provide him and others with meal and rest periods as required by law, and that Defendants did not comply with wage reporting requirements. In both actions, Plaintiff sued the same nine defendants – Wachovia Financial Services, Inc. and various affiliated companies. And in both actions, Plaintiff seeks to recover unpaid wages and actual and consequential damages on

behalf of the same group of Defendants' employees who worked in California in recent years. The only significant difference between the two complaints is that, in one of the two complaints, Plaintiff also seeks to recover certain penalties on behalf of purportedly "aggrieved employees" pursuant to the Labor Code Private Attorneys General Act ("PAGA").

### III. ARGUMENT

Civil Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  This test is satisfied here.

First, the two actions filed by Plaintiff clearly "concern substantially the same parties, property, transaction or event."  As explained above, both cases that Plaintiff filed concern identical defendants, identical transactions or events, an identical alleged class of employees, and call for determination of identical or substantially similar questions of law and fact.  While only one of the two complaints seeks to recover penalties under PAGA, both complaints rely on exactly the same alleged factual violations.

Second, there would likely be "an unduly burdensome duplication of labor and expense or inconsistent results" if the two cases were to proceed separately and before different judges.  As noted, the two cases allege related claims against the same defendants based on the same alleged facts during the same time period.  There will obviously be duplication of effort— and a risk of inconsistent results—if two different judges have to resolve the same underlying factual (and necessarily individualized) questions raised by the two complaints.  That is precisely the situation that the rules regarding related cases are designed to avoid.  The principles set forth in Civil Local Rule 3-12(a) would be ill-served if plaintiffs were permitted to bring separate suits on the same factual allegations and avoid relation merely because the causes of action or the remedies sought vary.

Although Defendants have attempted to obtain a stipulation from Plaintiff that Plaintiff's two complaints should be deemed related, Plaintiff's counsel has refused to stipulate to

the relation. *See* Declaration of J. Raza Lawrence (filed concurrently herewith). Plaintiff's counsel has not explained the basis for this position.

IV. **CONCLUSION**

For these reasons, the two cases filed by Plaintiff should be deemed related, pursuant to Civil Local Rule 3-12, and the matter captioned *Ronald Chin v. Wachovia Financial Services, Inc., et al.*, Case No. 3:08-cv-01320-MMC, should be transferred to the Honorable Claudia Wilken.

DATED: March 14, 2008

MUNGER, TOLLES & OLSON LLP
MALCOLM A. HEINICKE

By: /s/ Malcolm A. Heinicke
MALCOLM A. HEINICKE

Attorneys for Defendants
WACHOVIA FINANCIAL SERVICES,
WACHOVIA MORTGAGE CORPORATION,
WACHOVIA SHARED RESOURCES, LLC
(erroneously sued as Wachovia Services, Inc.),
WORLD MORTGAGE COMPANY,
WACHOVIA COMMERCIAL MORTGAGE,
INC., WORLD SAVINGS, INC., WACHOVIA
EQUITY SERVICING, LLC, WACHOVIA
BANK, N.A., and WACHOVIA CORPORATION