MALCOLM A. HEINICKE (SBN 194174)
Malcolm.Heinicke@mto.com
KATHLEEN M. McDOWELL (SBN 115976)
Kathleen.McDowell@mto.com
J. RAZA LAWRENCE (SBN 233771)
Raza.Lawrence@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for Defendants
WACHOVIA FINANCIAL SERVICES, WACHOVIA
MORTGAGE CORPORATION, WACHOVIA SHARED
RESOURCES, LLC (erroneously sued as Wachovia
Services, Inc.), WORLD MORTGAGE COMPANY,
WACHOVIA COMMERCIAL MORTGAGE, INC.,
WORLD SAVINGS, INC., WACHOVIA EQUITY
SERVICING, LLC, WACHOVIA BANK, N.A., and
WACHOVIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHIN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA FINANCIAL SERVICES, INC.; WACHOVIA MORTGAGE CORPORATION; WACHOVIA SERVICES, INC.; WORLD MORTGAGE COMPANY; WACHOVIA COMMERCIAL MORTGAGE, INC.; WORLD SAVINGS, INC.; WACHOVIA EQUITY SERVICING, LLC; WACHOVIA BANK, N.A.; WACHOVIA CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  4:08-cv-00684-CW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

4720455.1

**DEFENDANTS' ANSWER
CASE NO. 4:08-CV-00684-CW**

Defendants Wachovia Financial Services, Inc.; Wachovia Mortgage Corporation; Wachovia Shared Resources, LLC (erroneously sued as Wachovia Services, Inc.); World Mortgage Company; Wachovia Commercial Mortgage, Inc.; World Savings, Inc.; Wachovia Equity Servicing, LLC; Wachovia Bank, N.A.; and Wachovia Corporation (herein referred to collectively as "Defendants") hereby answer the allegations contained in the purported Class Action Complaint ("Complaint") filed by Plaintiff Ronald Chin ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1.  The allegations in Paragraph No. 1 state conclusions of law to which no response is required. To the extent such a response is required, Defendants admit that the Court has jurisdiction over the matters as currently alleged.

2.  The allegations in Paragraph No. 2 state conclusions of law to which no response is required. To the extent such a response is required, Defendants admit that venue properly lies in this district, but deny that all Defendants maintain offices, have agents, and are licensed to and do transact business in this district.

## THE PARTIES

3.  Defendants lack specific knowledge concerning Plaintiff's current residence, and on that basis, deny the allegations of Paragraph 3.

4.  Defendants admit that Wachovia Financial Services, Inc. is a corporation incorporated under the laws of North Carolina, and it currently has no employees.

5.  Defendants admit that Wachovia Mortgage Corporation is a corporation incorporated under the laws of North Carolina, and prior to 2008 employed employees in other states but not in this district or in California, before it was merged into World Mortgage Company.

6.  Wachovia Services, Inc. has been merged into Wachovia Shared Resources, LLC which is a limited liability company formed under the laws of Delaware, and it currently employees in this district, in California, and in other states.

7.  Defendants admit that World Mortgage Company is a corporation incorporated under the laws of Colorado, and that it currently employs employees in this district,

in California, and in other states.

8.   Defendants admit that Wachovia Commercial Mortgage, Inc. is a corporation incorporated under the laws of New Jersey, and it currently has no employees.

9.   Defendants admit that World Savings, Inc. is a corporation incorporated under the laws of California, and that it currently has no employees.

10.   Defendants admit that Wachovia Equity Servicing LLC is a limited liability company formed under the laws of New Jersey, and that it currently has no employees.

11.   Defendants admit that Wachovia Bank N.A. is a national banking association chartered under the laws of the United States, and that it employs employees in this district, in California, and in other states.

12.   Defendants admit that Wachovia Corporation is a corporation incorporated under the laws of North Carolina, and that it employs employees in North Carolina, but not in this district or in California.

13.   The allegations in Paragraph No. 13 state unnamed or "DOE defendant allegations and/or conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 13.

14.   The allegations in Paragraph No. 14 state unnamed or "DOE defendant allegations and/or conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 14.

15.   The allegations in Paragraph No. 15 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 15.

16.   The allegations in Paragraph No. 16 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 16.

17.   The allegations in Paragraph No. 17 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 17.

## CLASS ACTION ALLEGATIONS

18. The allegations in Paragraph No. 18 state conclusions of law and class allegations to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 18, and in particular, Defendants deny that this action is appropriate for a class action or representative action treatment.

19. The allegations in Paragraph No. 19 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 19.

20. The allegations in Paragraph No. 20 state conclusions of law and class allegations to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 20, and in particular, Defendants deny that this action is appropriate for a class action or representative action treatment.

21. The allegations in Paragraph No. 21 and its subsections state conclusions of law and class allegations to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 21, and in particular, Defendants deny that this action is appropriate for a class action or representative action treatment.

22. The allegations in Paragraph No. 22 state conclusions of law and class allegations to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 22, and in particular, Defendants deny that this action is appropriate for a class action or representative action treatment.

## GENERAL ALLEGATIONS

23. Defendants admit that World Mortgage Company employed Plaintiff and others as non-exempt employees, and that other Defendants also employed non-exempt employees. Defendants deny the other allegations in Paragraph 23.

24. Defendants admit that World Mortgage Company employed Plaintiff as a Loan Representative II from August 14, 2006 until February 15, 2007 within Alameda County. Defendants deny the other allegations in Paragraph 24.

25. Defendants admit that one or more of them continue to employ non-exempt

1  employees in California. Defendants deny the other allegations in Paragraph 25.

2      26. Defendants admit that, from time to time, they have been advised by lawyers and other knowledgeable professionals in labor and wage law, employment and personnel policies. Defendants deny the other allegations in Paragraph 26.

    27. Defendants admit that they were aware of the overtime requirements, but specifically deny that Plaintiff or others were not properly paid for overtime. Defendants deny the other allegations in Paragraph 27.

    28. Defendants admit that they were aware of the requirements for employees to receive complete and accurate wage statements, but specifically deny that Plaintiff or others did not receive complete and accurate wage statements. Defendants deny the other allegations in Paragraph 28.

    29. Defendants admit that they were aware of the requirements to pay all wages due upon discharge, but specifically deny that Plaintiff or others were not properly paid for all wages upon discharge. Defendants deny the other allegations in Paragraph 29.

    30. Defendants admit that they were aware of the meal period requirements, but specifically deny that Plaintiff or others were not properly provided meal periods or paid for meal periods. Defendants deny the other allegations in Paragraph 30.

    31. Defendants admit that they were aware of the rest period requirements, but specifically deny that Plaintiff or others were not properly provided rest periods or paid for rest periods. Defendants deny the other allegations in Paragraph 31.

    32. The allegations in Paragraph No. 32 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 32.

## FIRST CAUSE OF ACTION

    33. The allegations in Paragraph No. 33 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 33 not specifically admitted elsewhere.

    34. The allegations in Paragraph No. 34 state conclusions of law to which no

response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 34.

35. The allegations in Paragraph No. 35 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 35.

36. The allegations in Paragraph No. 36 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 36.

37. The allegations in Paragraph No. 37 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. The allegations in Paragraph No. 40 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 40.

41. The allegations in Paragraph No. 41 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 41.

42. The allegations in Paragraph No. 42 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 42.

**SECOND CAUSE OF ACTION**

43. The allegations in Paragraph No. 43 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 43 not specifically admitted elsewhere.

44. The allegations in Paragraph No. 44 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations

1  in Paragraph No. 44.

2      45.    Defendants deny the allegations in Paragraph 45.

3      46.    The allegations in Paragraph No. 46 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 46.

    47.    The allegations in Paragraph No. 47 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 47.

    48.    The allegations in Paragraph No. 48 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 48.

### THIRD CAUSE OF ACTION

    49.    The allegations in Paragraph No. 49 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 49 not specifically admitted elsewhere.

    50.    The allegations in Paragraph No. 50 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 50.

    51.    The allegations in Paragraph No. 51 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 51.

    52.    The allegations in Paragraph No. 52 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 52.

    53.    Defendants deny the allegations in Paragraph 53.

### FOURTH CAUSE OF ACTION

    54.    The allegations in Paragraph No. 54 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required,

Defendants deny any allegations in Paragraph 54 not specifically admitted elsewhere.

55. The allegations in Paragraph No. 55 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 55.

56. The allegations in Paragraph No. 56 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 56.

57. The allegations in Paragraph No. 57 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 57.

58. The allegations in Paragraph No. 58 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. The allegations in Paragraph No. 64 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 64.

65. The allegations in Paragraph No. 65 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 65.

66. The allegations in Paragraph No. 66 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 66.

**FIFTH CAUSE OF ACTION**

67. The allegations in Paragraph No. 67 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 67 not specifically admitted elsewhere.

68. The allegations in Paragraph No. 68 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 68.

69. The allegations in Paragraph No. 69 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. The allegations in Paragraph No. 73 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 73.

74. The allegations in Paragraph No. 74 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 74.

75. The allegations in Paragraph No. 75 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 75.

### SIXTH CAUSE OF ACTION

76. The allegations in Paragraph No. 76 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 76 not specifically admitted elsewhere.

77. Defendants deny the allegations in Paragraph 77.

78. The allegations in Paragraph No. 78 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations

in Paragraph No. 78.

79. The allegations in Paragraph No. 78 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 78.

80. The allegations in Paragraph No. 80 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 80.

81. The allegations in Paragraph No. 81 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 81.

82. The allegations in Paragraph No. 82 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 82.

### SEVENTH CAUSE OF ACTION

83. The allegations in Paragraph No. 83 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 83 not specifically admitted elsewhere.

84. The allegations in Paragraph No. 84 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 84.

85. The allegations in Paragraph No. 85 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 85.

86. The allegations in Paragraph No. 86 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 86.

87. The allegations in Paragraph No. 87 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations

in Paragraph No. 87.

88. The allegations in Paragraph No. 88 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 88.

## REQUEST FOR JURY TRIAL

Defendants deny that Plaintiff is entitled to a jury trial on all claims presented in the Complaint. Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants, without admitting any of the allegations in Plaintiff's Complaint, assert the following separate and independent affirmative defenses. Defendants do not, by stating the matters set forth in these defenses, allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters, and do not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion.

### First Affirmative Defense

1. The Complaint, and some or all of the alleged causes of action contained therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. The Complaint, and each of the alleged causes of action contained therein, is barred, either in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and/or 343, Business and Professions Code section 17208.

### Third Affirmative Defense

3. The Complaint, and at least some of the alleged causes of action or prayers for relief contained therein, are barred, in whole or in part, because Plaintiff lacks standing and/or does not have a private right of action to pursue the claim asserted.

### Fourth Affirmative Defense

4. The Complaint, and at least some of the alleged causes of action or claims contained therein, are barred, in whole or in part, by the doctrine of laches.

**Fifth Affirmative Defense**

5. The Complaint, and at least some of the alleged causes of action or claims contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

**Sixth Affirmative Defense**

6. Without admitting any wrongful conduct by Defendants, Plaintiff's claims are barred by the doctrine of waiver, estoppel, or both.

**Seventh Affirmative Defense**

7. The Complaint, and each of the alleged causes of action contained therein, fails, in whole or in part, because Defendants acted in good faith at all times.

**Eighth Affirmative Defense**

8. Each cause of action in the Complaint is barred because Plaintiff has agreed to arbitrate all of his claims arising out of his employment relationship with any of the Defendants.

**Ninth Affirmative Defense**

9. The Complaint fails to state a claim for penalties under Labor Code § 203 in that Defendants' failure to pay wages, if any, was not willful and there is a good faith dispute as to whether Defendants are obligated to pay any of the wages alleged to be due.

**Tenth Affirmative Defense**

10. The Complaint, and each of the alleged causes of action contained therein, is barred, in whole or in part, because if Plaintiff was damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to Plaintiff's own conduct.

**Eleventh Affirmative Defense**

11. Without admitting any wrongful conduct by Defendants, Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff has an adequate remedy at law and/or lacks standing to pursue injunctive relief.

**Twelfth Affirmative Defense**

12. The Complaint fails to state a claim for penalties under Labor Code § 226(e) in that Defendants' failure to keep adequate records, if any, was not knowing or

intentional.

### Thirteenth Affirmative Defense

13. Plaintiff's recovery is barred to the extent that he has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

### Fourteenth Affirmative Defense

14. Plaintiff cannot establish that any of his claims are appropriate for class action treatment or representative action treatment.

### Fifteenth Affirmative Defense

15. Without admitting any wrongful conduct by Defendants, Plaintiff is not entitled to recover punitive damages because such remedies are not available as a matter law in this action, and/or because Plaintiff has failed to allege facts sufficient to state a claim for such damages, and the statutory requirements for an award of punitive damages pursuant to California Civil Code § 3294 are not met.

### Sixteenth Affirmative Defense

16. The claims for punitive damages, penalties, or other exemplary remedies in the Complaint are barred or limited by California law; the doctrine of express or implied statutory preemption; the due process clauses of the Fifth and Fourteenth Amendments; other constitutional and statutory protections; or a combination of the foregoing.

### Seventeenth Affirmative Defense

17. Each cause of action in the Complaint is barred because Defendants neither authorized nor ratified any wrongful conduct by any employee, agent, or representative and, as a result, cannot be held liable for punitive or exemplary damages. Furthermore, none of its employees who are alleged to have committed wrongful acts were managing agents of Defendants.

### Eighteenth Affirmative Defense

18. Plaintiff's prayers for relief under the California Unfair Competition Law are barred, in whole or in part, by unavailability of the relief requested, including without limitation, the unavailability of any monetary relief other than restitution, such as damages,

penalties, disgorgement or attorney fees.

**Nineteenth Affirmative Defense**

19. The Complaint fails to state a claim against any Defendants other than World Mortgage Company, because no other entity was the employer of Plaintiff during the allegedly pertinent times periods, and the other Defendants were not integrated enterprises with World Mortgage Company.

Defendants reserve the right to add additional affirmative defenses as they become known during the course of litigation.

**PRAYER**

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff takes nothing by his Complaint and that such Complaint be dismissed with prejudice;

2. That Defendants recover their costs and attorneys fees incurred herein pursuant to relevant statutes, including without limitation, California Labor Code section 218.5; and

3. That the Court grant Defendants whatever other relief it deems just and proper.

DATED: April 1, 2008

MUNGER, TOLLES & OLSON LLP
Malcolm A. Heinicke

By: /s/ Malcolm A. Heinicke
     Malcolm A. Heinicke

Attorneys for Defendants
WACHOVIA FINANCIAL SERVICES,
WACHOVIA MORTGAGE CORPORATION,
WACHOVIA SHARED RESOURCES, LLC
(erroneously sued as Wachovia Services, Inc.),
WORLD MORTGAGE COMPANY,
WACHOVIA COMMERCIAL MORTGAGE,
INC., WORLD SAVINGS, INC., WACHOVIA
EQUITY SERVICING, LLC, WACHOVIA
BANK, N.A., and WACHOVIA CORPORATION