1 | MALCOLM A. HEINICKE (SBN 194174)
Malcolm.Heinicke@mto.com
2 | KATHLEEN M. McDOWELL (SBN 115976)
Kathleen.McDowell@mto.com
3 | J. RAZA LAWRENCE (SBN 233771)
Raza.Lawrence@mto.com
4 | MUNGER, TOLLES & OLSON LLP
560 Mission Street
5 | Twenty-Seventh Floor
San Francisco, CA 94105-2907
6 | Telephone: (415) 512-4000
Facsimile: (415) 512-4077
7
Attorneys for Defendants
8 | WACHOVIA FINANCIAL SERVICES, WACHOVIA
MORTGAGE CORPORATION, WACHOVIA
9 | SHARED RESOURCES, LLC (erroneously sued as
Wachovia Services, Inc.), WORLD MORTGAGE
10 | COMPANY, WACHOVIA COMMERCIAL
MORTGAGE, INC., WORLD SAVINGS, INC.,
11 | WACHOVIA EQUITY SERVICING, LLC,
WACHOVIA BANK, N.A., and WACHOVIA
12 | CORPORATION

13 | *Counsel for Plaintiff Listed on Next Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHIN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA FINANCIAL SERVICES, INC.; WACHOVIA MORTGAGE CORPORATION; WACHOVIA SERVICES, INC.; WORLD MORTGAGE COMPANY; WACHOVIA COMMERCIAL MORTGAGE, INC.; WORLD SAVINGS, INC.; WACHOVIA EQUITY SERVICING, LLC; WACHOVIA BANK, N.A.; WACHOVIA CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NOS. 4:08-cv-00684-CW and 3:08-cv-01320-CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**[[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]**<br><br>Conference: June 17, 2008 (2:00 p.m.)<br><br>**The Honorable Claudia Wilken** |

| | |
|---|---|
| 1 | MARK YABLONOVICH (SBN 186670) |
|   | MYablonovich@InitiativeLegal.com |
| 2 | MARC PRIMO (SBN 216796) |
|   | MPrimo@InitiativeLegal.com |
| 3 | MONICA BALDERRAMA (SBN 196424) |
|   | MBalderrama@InitiativeLegal.com |
| 4 | REBECCA LABAT (SBN 221241) |
|   | RLabat@InitiativeLegal.com |
| 5 | INITIATIVE LEGAL GROUP LLP |
|   | 1800 Century Park East, 2nd Floor |
| 6 | Los Angeles, California 90067 |
|   | Telephone: (310) 556-5637 |
| 7 | Facsimile: (310) 861-9051 |
| 8 | |
|   | Attorneys for Plaintiff RONALD CHIN |

- 2 -

Plaintiff Ronald Chin ("Plaintiff") and Defendants Wachovia Financial Services, Wachovia Mortgage Corporation, Wachovia Shared Resources, LLC (erroneously sued as Wachovia Services, Inc.), World Mortgage Company, Wachovia Commercial Mortgage, Inc., World Savings, Inc., Wachovia Equity Servicing, LLC, Wachovia Bank, N.A., and Wachovia Corporation ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties") hereby respectfully and jointly submit their Joint Case Management Statement, pursuant to Federal Rule of Civil Procedure 26(f), California Northern District Civil Local Rule 16-9, and the Court's Related Case Order, following the meeting of counsel which took place on May 27, 2008.

## I. JURISDICTION AND SERVICE

This Court has original subject matter jurisdiction over these two actions pursuant to the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. §§ 1332(d) and 1453. All parties have been served and have appeared in the actions. No issues of personal jurisdiction or venue have been raised by the Parties.

## II. SYNOPSIS OF THE CASES AND SUMMARY OF ALLEGATIONS

Plaintiff was employed as a loan representative by Defendant World Mortgage Company in San Leandro, California, from approximately August 2006 to February 2007. Plaintiff has filed two complaints which have been deemed related by this Court. Case No. 08-00684 is a putative class action alleging that Plaintiff and other similarly situated current and former non-exempt employees were not paid proper overtime for all hours worked, were not properly compensated for missed meal periods and missed rest periods, and were not provided with properly itemized wage statements in compliance with the California Labor Code. Plaintiff does not contest the fact that he was paid on an hourly basis; instead, he is alleging that he was not paid for all of the time he worked, i.e., "off the clock" allegations. Case No. 08-01320 is a putative representative action in which Plaintiff seeks to recover penalties pursuant to California Labor Code sections

2699, et seq. (the Labor Code Private Attorney General Act of 2004)("PAGA") on behalf of all other aggrieved employees. In both actions, Plaintiff has sued the same nine Defendants. Plaintiff filed these two lawsuits on January 29, 2008. The action that Plaintiff initially filed in federal court, Case No. 08-cv-00684, was assigned to the Honorable Claudia Wilken. On March 7, 2008, Defendants removed the action that Plaintiff filed in state court, (now Case No.08-01320) and that action was initially assigned to the Honorable Maxine M. Chesney. Defendants then filed an administrative motion to consider whether the two cases filed by Plaintiff should be related pursuant to Civil Local Rule 3-12. On March 21, 2008, this Court ruled that the two cases filed by Plaintiff were related, and the removed action, Case No. 08-cv-01320 was reassigned to the Honorable Claudia Wilken.

Defendants have filed answers denying the material allegations set forth in Plaintiff's Complaints and alleging numerous affirmative defenses. Defendants contend that the issues are not appropriate for class treatment, and that Plaintiff and the other employees at issue were properly paid for the time they worked and were provided with appropriate meal and rest breaks.

### III. KEY LEGAL ISSUES

Plaintiff submits that the key legal issues presented by these cases include:

- Whether certification of Case No. 08-00684 as a class action is appropriate;
- Whether Defendants failed to timely pay all wages owed upon discharge of employees;
- Whether Defendants failed to comply with <u>California Labor Code</u> Section 226(a) requirements;
- Whether Defendants properly provided meal periods and compensated employees with one hour of pay at their "regular rate" of pay for each meal period not provided;

- Whether Defendants properly authorized and permitted rest periods and compensated employees with one hour of pay at their "regular rate" of pay for each rest period that was not authorized and permitted;
- Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.;
- The amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law;
- The appropriateness of any injunctive remedies.

It is Plaintiff's position that Case No. 08-01320, the PAGA Action, is not a class action, but rather, a representative action, and thus, need not comply with Rule 23 requirements.

Defendants submit that the key legal issues presented by these cases include: (1) whether Plaintiff was properly paid for all the hours that he worked; (2) whether Plaintiff was provided with appropriate meal and rest breaks; and (3) whether these issues can be resolved for others on a class action basis. It is Defendants' position that Plaintiff may not proceed with PAGA claims on behalf of any employees other than himself in Case No. 08-01320 without complying with the requirements of a class action and prevailing on a class certification motion with respect to those claims.

Plaintiff's Complaints allege that the employees at issue consistently worked in excess of eight hours per day or in excess of forty hours per week and that Defendants willfully failed to pay all the overtime wages owed to them. Plaintiff's Complaints also allege that Defendants willfully required the employees at issue to work during meal and periods and failed to compensate the employees for work performed during the meal and rest periods.

Defendants deny these allegations and contend that, to the extent the employees at issue worked any overtime hours, they were properly paid wages for those overtime hours in accordance with Defendants' clear company policies.

- 3 -

1  Specifically, Defendants contend that Plaintiff and others were paid for the hours
2  they themselves recorded on their time sheets. Defendants also contend that they
3  had effective policies in place regarding meal and rest breaks, that the employees at
4  issue were provided with appropriate meal and rest breaks pursuant to California
5  law, and that the employees were never forced to forego any meal or rest periods
6  without pay. Defendants submit that, in light of their company-wide policies and
7  practices requiring payment for overtime hours worked and providing for
8  appropriate meal and rest breaks, the issues presented on this case would invariably
9  turn on individualized inquiries, and for this and other reasons, these cases are not
10 appropriate for resolution on a class action basis.

## IV.  MOTIONS

As noted above, Defendants moved for an order deeming the two Complaints filed by Plaintiff related, and that administrative motion was granted. There have been no other motions filed to date in these actions.

The parties anticipate the filing of motions in connection with Plaintiff's request for class action treatment.

Defendants currently plan to file motion(s) for summary judgment and/or partial summary judgment with respect to Plaintiff's individual claims, and to the extent a motion for class certification is entertained and granted, with respect to the claims of the class members and/or purportedly aggrieved employees.

The Parties may also file motions with respect to initial discovery, but no such motions are currently pending.

## V.  AMENDMENT OF PLEADINGS

The Parties reserve all rights with respect to the filing of amended pleadings, and anticipate that any such motions would be filed within the next two to three months. At this time, Plaintiff does not anticipate any amendments to his complaints.

- 4 -

## VI. EVIDENCE PRESERVATION

Plaintiff's counsel and Defendants' counsel have taken measures with their respective clients regarding preservation of relevant materials. Specifically, Defendants' counsel have provided hold directives to appropriate employees of Defendants instructing them to preserve evidence, including electronic evidence, that relates to the matters at issue in these lawsuits.

## VII. DISCLOSURES

The Parties have agreed to exchange their initial disclosures no later than June 17, 2008.

## VIII. DISCOVERY

Other than as set forth above, the Parties have not yet commenced formal discovery. The Parties anticipate deposition and written discovery as to class certification issues, and as to the merits of Plaintiff's substantive allegations. The Parties anticipate that discovery relating to Plaintiff's allegations of class action will be conducted within the next six to eight months, as set forth in the proposed schedule below.

## IX. CLASS ACTIONS

Plaintiff's claims in Case No. 08-00684 have been pled as a class action. Plaintiff states that he will seek certification of the class under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). Defendants dispute that class certification would be appropriate.

Defendants believe that the deadline for filing any motions in connection with class certification, with respect to either of Plaintiff's two complaints, should be set approximately eight months from now to allow sufficient time for preliminary discovery and factual investigation related to class certification issues to be conducted. Plaintiff contends that the deadline for filing any motions related to class certification should be set no earlier than one year from now.

## X. RELATED CASES

As set forth above, there are two related cases here. Other than this, the Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## XI. RELIEF

In Case No. 08-00684, Plaintiff seeks relief on behalf of himself and the putative class he seeks to represent as follows: (1) recovery of overtime compensation for time that the employees at issue allegedly worked "off the clock"; (2) recovery of an hour of compensation at the regular hourly rate for each day in which the employees at issue allegedly were not provided with appropriate meal periods; (3) recovery of an hour of compensation at the regular hourly rate for each day in which the employees at issue allegedly were not provided with appropriate rest periods; and (3) recovery of associated penalties and attorney fees.

In Case No. 08-01320, Plaintiff only seeks to recover penalties pursuant to California Labor Code sections 2699, et seq. (the Labor Code Private Attorney General Act of 2004)("PAGA").

## XII. SETTLEMENT AND ADR

The Parties have complied with ADR L.R. 3-5 in meeting and conferring to select an ADR process, and have agreed to private mediation as a form of ADR in these matters. The Court has signed an order requiring the Parties to conduct the mediation by January 31, 2009. Defendants have fulfilled the requirements of ADR L.R. 3-5 by filing completed ADR Certifications, and Plaintiff is in the process of completing and filing ADR Certifications.

## XIII. MAGISTRATE JUDGE

The Parties respectfully decline to have a Magistrate Judge preside over the proceedings.

## XIV. OTHER REFERENCES

No other references are applicable or suitable at this time.

## XV. NARROWING OF ISSUES

Other than as indicated herein, at this time the Parties do not find any issues which can be narrowed by motion or agreement in these cases.

## XVI. EXPEDITED SCHEDULE

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The Parties respectfully submit that it would be appropriate to set a deadline for filing any motions relating to class certification. Defendants believe that a deadline of February 27, 2009, would be appropriate, while Plaintiff believes that it would be more appropriate to set a deadline of June 15, 2009. To the extent a party wishes to file a motion on class certification prior to the deadline that is ultimately set by the Court, this deadline shall not preclude such an earlier filing. The Parties further submit that it is premature to set pre-trial or trial dates before the Court has ruled on any class certification motion.

## XVIII. TRIAL

Plaintiff has demanded jury trials. If Case No. 08-00684 is not certified as a class action, Defendants expect trial to last approximately one day. If Case No. 08-00684 is certified as a class action, the Parties expect the trial to last approximately two to three weeks, depending upon various issues that have yet to be resolved. Plaintiff expects trial of Case No. 08-01320, the PAGA action, to last approximately two weeks.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants filed Certifications of Interested Entities, pursuant to Civil Local Rule 3-16, on March 7, 2008. In those certifications, Defendants identified the following listed entities that either (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in

- 7 -

1  that subject matter or in a party that could be substantially affected by the outcome
2  of this proceeding:
3    Named Defendants:
4    Wachovia Financial Services, Inc.
5    Wachovia Mortgage Corporation
6    Wachovia Services, Inc.*
7    World Mortgage Company
8    Wachovia Commercial Mortgage, Inc.
9    World Savings, Inc.
10   Wachovia Equity Servicing, LLC
11   Wachovia Bank, N.A.
12   Wachovia Corporation (publicly traded under stock symbol "WB")
13   Additional Interested Entities:
14   *Wachovia Shared Resources, LLC (successor-in-interest to named
15   defendant Wachovia Services, Inc.)

- 8 -

| | | |
|---|---|---|
| 1 | DATED: June 10, 2008 | MUNGER, TOLLES & OLSON LLP |
| 2 | | |
| 3 | | By: [signature] |
| 4 | | |
| 5 | | Attorneys for Defendants WACHOVIA FINANCIAL SERVICES, WACHOVIA MORTGAGE CORPORATION, WACHOVIA SHARED RESOURCES, LLC (erroneously sued as Wachovia Services, Inc.), WORLD MORTGAGE COMPANY, WACHOVIA COMMERCIAL MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA EQUITY SERVICING, LLC, WACHOVIA BANK, N.A., and WACHOVIA CORPORATION |
| 12 | DATED: June 10, 2008 | INITIATIVE LEGAL GROUP LLP |
| 13 | | By: [signature] |
| 15 | | Attorneys for Plaintiff RONALD CHIN |

5265132.1

- 9 -