1   MALCOLM A. HEINICKE (SBN 194174)
    Malcolm.Heinicke@mto.com
2   MUNGER, TOLLES & OLSON LLP
    560 Mission Street
3   Twenty-Seventh Floor
    San Francisco, CA  94105-2907
4   Telephone:     (415) 512-4000
    Facsimile:     (415) 512-4077
5
    Attorneys for Defendants
6   WACHOVIA FINANCIAL SERVICES, WACHOVIA MORTGAGE
    CORPORATION, WACHOVIA SHARED RESOURCES, LLC
7   (erroneously sued as Wachovia Services, Inc.), WORLD
    MORTGAGE COMPANY, WACHOVIA COMMERCIAL
8   MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA
    EQUITY SERVICING, LLC, WACHOVIA BANK, N.A., WACHOVIA
9   CORPORATION, and WACHOVIA MORTGAGE, FSB
10  PLAINTIFF'S COUNSEL LISTED ON NEXT PAGE
11
12                  UNITED STATES DISTRICT COURT
13                  NORTHERN DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15  RONALD CHIN, individually, and on behalf of other members of the general public similarly situated, | CASE NO.  4:08-cv-00684-CW |
| 16 | **STIPULATION RE: SETTLEMENT OF CLASS ACTION;** |
| 17              Plaintiff, | |
| 18         vs. | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT (EXHIBIT 1);** |
| 19  WACHOVIA FINANCIAL SERVICES, INC.; WACHOVIA MORTGAGE CORPORATION; WACHOVIA SERVICES, INC.; WORLD MORTGAGE COMPANY; WACHOVIA COMMERCIAL MORTGAGE, INC.; WORLD SAVINGS, INC.; WACHOVIA EQUITY SERVICING, LLC; WACHOVIA BANK, N.A.; WACHOVIA CORPORATION; WACHOVIA MORTGAGE, FSB; and DOES 1 through 10, inclusive, | **[PROPOSED] NOTICE TO CLASS MEMBERS (EXHIBIT 2);** |
| 20 | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT (EXHIBIT 3); AND** |
| 21 | |
| 22 | **[PROPOSED] JUDGMENT (EXHIBIT 4)** |
| 23 | **Other Case Affected by Settlement**: *Chin v. Wachovia Financial Services, Inc., et al.*, Case No. 4:08-cv-01320-CW |
| 24 | |
| 25              Defendants. | |

26
27
28

STIPULATION RE: SETTLEMENT OF CLASS ACTION NO. 4:08-cv-00684-CW

1    MARC PRIMO (SBN 216796)
     MPrimo@InitiativeLegal.com
2    MÓNICA BALDERRAMA (SBN 196424)
     MBalderrama@InitiativeLegal.com
3    INITIATIVE LEGAL GROUP LLP
     1800 Century Park East, 2nd Floor
4    Los Angeles, California 90067
     Telephone:     (310) 556-5637
5    Facsimile:     (310) 861-9051

6    Attorneys for Plaintiff RONALD CHIN and proposed
     Settlement Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    IT IS HEREBY STIPULATED AND AGREED by and between RONALD CHIN

2    (as Class Representative) and his counsel (herein "Class Counsel"), on behalf of themselves and

3    the proposed Settlement Class, on the one hand, and WACHOVIA MORTGAGE, FSB

4    ("Wachovia"), on the other hand, as set forth below:

5    **I.      The Conditional Nature of This Stipulation.**

6    This Stipulation re: Settlement and all associated exhibits or attachments (herein

7    "Stipulation") is made for the sole purpose of attempting to consummate settlement of *Chin v.*

8    *Wachovia Financial Services, Inc., et al.*, Case No. 4:08-cv-00684-CW (N.D. Cal.), and *Chin v.*

9    *Wachovia Financial Services, Inc., et al.*, Case No. 4:08-cv-01320-CW (N.D. Cal.) (herein, the

10   two cases are collectively referred to as the "Litigation") on a class-wide basis.  This Stipulation

11   and the settlement it evidences is made in compromise of disputed claims.  Because these actions

12   were pled as class and collective actions, this settlement must receive preliminary and final

13   approval by the Court.  Accordingly, the Settling Parties enter into this Stipulation and associated

14   settlement on a conditional basis.  In the event that the Court does not execute and file the Order

15   Granting Final Approval of Settlement, or in the event that the associated Judgment does not

16   become Final for any reason, this Stipulation shall be deemed null and void *ab initio*, it shall be of

17   no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever,

18   and the negotiation, terms and entry of the Stipulation shall remain subject to the provisions of

19   Federal Rule of Evidence 408 and California Evidence Code Sections 1119 and 1152.

20   Wachovia denies all of the claims as to liability, damages, penalties, interest, fees,

21   restitution and all other forms of relief as well as the class and collective action allegations

22   asserted in the Litigation.  Wachovia has agreed to resolve this Litigation via this Stipulation, but

23   to the extent this Litigation continues, this Stipulation is deemed void, or the Effective Date

24   otherwise does not occur, Wachovia does not waive, but rather expressly reserves, all rights to

25   challenge all such claims and allegations in the Litigation upon all procedural and factual

26   grounds, including without limitation the ability to challenge class or collective action treatment

27   on any grounds or assert any and all defenses or privileges.  The Class Representative and Class

28   Counsel agree that Wachovia retains and reserves these rights, and agree not to take positions to

the contrary; specifically the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Wachovia could not contest class or collective action certification on any grounds if this Litigation were to proceed.

**II.     The Parties to this Stipulation.**

This Stipulation (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) Class Representative Chin (on behalf of himself and each of the Settlement Class Members), with the assistance and approval of Class Counsel; and (ii) Wachovia, with the assistance of its counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof. This Stipulation is also intended to result in the dismissal with prejudice of the Litigation, as amended for settlement purposes as set forth below.

**III.    The Litigation.**

On January 29, 2008, Class Representative Chin filed *Chin v. Wachovia Financial Services, Inc., et al.*, Case No. 4:08-cv-00684-CW (the "Lead Action"), in the United States District Court for the Northern District of California. In the Lead Action, Ronald Chin seeks to certify a Rule 23 class action on behalf of himself and others allegedly similarly situated in California, and alleges that the defendants violated certain state employment laws, including without limitation the California Labor Code, the California Industrial Welfare Commission Wage Orders, and the California Business and Professions Code, by purportedly (a) failing to pay regular and overtime wages for all hours worked; (b) failing to provide meal and rest periods; (c) failing to provide properly itemized wage statements; and (d) failing to make timely payment of wages.

On January 29, 2008, Class Representative Chin also filed a separate action, *Chin v. Wachovia Financial Services, Inc., et al.*, Case No. RG08368375 (the "PAGA Action"), in the Superior Court of the State of California for the County of Alameda. On March 7, 2008, the defendants removed the PAGA Action to the United States District Court for the Northern District of California, and on March 21, 2008, the District Court ruled that the PAGA Action is

1  related to the Lead Action.  The PAGA Action has been given the case number 4:08-cv-01320-
2  CW and assigned to the same judge as the Lead Action, the Honorable Claudia Wilken.

3         The PAGA Action and the Lead Action both initially named the same nine
4  defendants:   Wachovia Financial Services, Inc.; Wachovia Mortgage Corporation; Wachovia
5  Shared Resources, LLC (erroneously sued as Wachovia Services, Inc.); World Mortgage
6  Company; Wachovia Commercial Mortgage, Inc.; World Savings, Inc.; Wachovia Equity
7  Servicing, LLC; Wachovia Bank, N.A.; and Wachovia Corporation.  In the PAGA Action,
8  Ronald Chin alleges the same types of violations as he does in the Lead Action, although the
9  PAGA action seeks to recover penalties pursuant to California Labor Code sections 2699, *et seq.*
10  (the Labor Code Private Attorneys General Act of 2004) ("PAGA") on behalf of other
11  purportedly aggrieved employees.

12         After the Litigation was filed, the defendants responded to various formal
13  discovery requests propounded by Ronald Chin and produced copies of various policies and
14  personnel files to Mr. Chin.  The defendants have also provided detailed responses to various
15  additional information requests from Class Counsel, including data regarding the putative class.
16  During the course of this formal discovery and other information sharing, through counsel
17  experienced in these types of cases, the Settling Parties began a series of arms-length negotiations
18  that led to the scheduling of a mediation with professional mediator David A. Rotman, Esq.  On
19  December 12, 2008, the Settling Parties held a mediation session in San Francisco, California
20  with Mr. Rotman, and they reached the conditional agreement more fully reflected herein.

21         The complaints in the Lead Action and the PAGA Action have been amended in
22  accordance with this settlement agreement.  Specifically, the class definitions in each action have
23  been modified to match the class set forth herein, and the complaints have added Defendant
24  Wachovia Mortgage, FSB, for purposes of effectuating this settlement.

25         This Stipulation is intended to result in the creation of a class of all persons
26  employed as a full-time hourly Telefi/ELOC Loan Representative by World Mortgage Company
27  or Wachovia at a call center in San Leandro, California, at any point during the period from
28  January 29, 2004 through the date preliminary approval of the settlement is granted.  As such, this

1   Stipulation will result in the dismissal with prejudice of the Litigation, and the release of all

2   Released Claims for all Settlement Class Members.  Class Representative Chin will also execute a

3   general release of all claims.

4   **IV.     Defendants' Denial of Wrongdoing or Liability.**

5              Wachovia and the Wachovia Releasees deny all of the claims and contentions

6   alleged by the Class Representative in the Litigation.  Nonetheless, Wachovia has concluded that

7   further conduct of the Litigation would be protracted and expensive, and that it is desirable that

8   the Litigation be fully and finally settled in the manner and upon the terms and conditions set

9   forth in this Stipulation.  Wachovia has also taken into account the uncertainty and risks inherent

10  in any litigation.  Wachovia has therefore determined that it is desirable and beneficial to it that

11  the Litigation be settled in the manner and upon the terms and conditions set forth in this

12  Stipulation.

13  **V.      Claims of the Class Representative and Benefits of Settlement.**

14             The Class Representative and Class Counsel believe that the claims asserted in the

15  Litigation have merit and that evidence developed to date supports the claims.  Nonetheless, the

16  Class Representative and Class Counsel recognize and acknowledge the expense and length of the

17  type of continued proceedings necessary to prosecute the Litigation against Wachovia through

18  trial and through appeals.  The Class Representative and Class Counsel have also taken into

19  account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays

20  inherent in litigation.  Based upon their evaluation, the Class Representative and Class Counsel

21  have determined that the settlement set forth in the Stipulation is in the best interests of the Class

22  Representative and the Settlement Class.

23  **VI.     Terms of Stipulation and Agreement of Settlement.**

24             NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND

25  AGREED by and between the Class Representative (for himself and the Settlement Class

26  Members) and Wachovia, with the assistance of their respective counsel or attorneys of record,

27  that, as among the Settling Parties, including all Settlement Class Members, the Litigation and the

28  Released Claims shall be finally and fully compromised, settled and released, and the Litigation

- 4 -

1   shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and

2   conditions of the Stipulation and the Judgment.

3       1.      Definitions.

4           As used in all parts of this Stipulation, the following terms have the meanings

5   specified below:

6           1.1     "Claims Administrator" means the third-party claims administration firm

7   of Rust Consulting, Inc.

8           1.2     "Class" means the collective group of Persons who were employed by

9   Wachovia or World Mortgage Company in the position of Telefi/ELOC Loan Representative at

10  the call center located at 794 Davis Street, San Leandro, California, during the Class Period.  The

11  Class consists of approximately 105 people.  The Class does not include any Persons who were

12  never employed by Wachovia or World Mortgage Company or another Wachovia predecessor

13  entity as a Telefi/ELOC Loan Representative at the San Leandro, California call center during the

14  Class Period.

15          1.3     "Class Counsel" means the law firm Initiative Legal Group LLP.

16          1.4     "Class Member" means a Person who is a member of the Class.

17          1.5     "Class Period" means the period from and including (a) January 29, 2004

18  through and including (b) the Preliminary Approval Date.

19          1.6     "Class Representative" or "the Class Representative" means Ronald Chin.

20          1.7     "Court" means the United States District Court for the Northern District of

21  California.

22          1.8     "Effective Date" means the date on which the Judgment becomes Final.

23          1.9     "Final" means the latest of:  (i) the date of final affirmance on an appeal of

24  the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the

25  Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of

26  any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or

27  order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs

28  shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

1.10    "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation, substantially in the form attached hereto as Exhibit 4.

1.11    "Last Known Address" or "Last Known Addresses" means the most recently recorded mailing address for a Class Member as such information is contained in employment or personnel records maintained by Wachovia.

1.12    The "Lead Action" shall mean the lawsuit entitled *Chin v. Wachovia Financial Services, Inc., et al.*, United States District Court for the Northern District of California, Case No. 4:08-cv-00684-CW.

1.13    The "Litigation" shall mean, collectively, the Lead Action and the PAGA Action.

1.14    "Maximum Settlement Amount" shall mean the maximum gross amount that Wachovia shall pay under the terms of this Stipulation, which is $450,000.  The specific components of this Maximum Settlement Amount are: (a) the maximum gross amount for payments to Participating Claimants, which is $266,250; (b) the total, maximum amount for Class Counsel's attorneys' fees, which is $150,000; (c) up to $10,000 for the Class Representative's taxable litigation costs; (d) the maximum gross amount for claims administration costs, which is $10,000; (e) the enhancement payment to the Class Representative, Ronald Chin, which is $10,000; and (f) the maximum gross amount for payment to the California Labor Workforce Development Agency pursuant to the California Labor Code Private Attorney General Act, which is $3,750.

1.15    "Maximum Settlement Portion for Payments to Participating Claimants" shall mean the amount that shall be paid by Wachovia if all Class Members become Participating Claimants by submitting Qualifying Settlement Claim Forms, and this Maximum Settlement Portion for Payments to Participating Claimants shall be $266,250.

1.16    "Notice to Class Members" or "Class Notice" means a notice (and associated response forms) entitled "Notice to Class Members re: Pendency of a Class Action and Notice of Hearing on Proposed Settlement" to be approved by the Court, substantially in the form attached hereto as Exhibit 2.

1.17    The "Notice Mailing Deadline" shall be the date thirty (30) days after the Preliminary Approval Date.

1.18    The "Notice Response Deadline" shall be the date sixty (60) days after the Class Notice is mailed to the Class Members by the Claims Administrator.

1.19    "Opt Out" or "Opt Outs" means written and signed requests by Class Members to be excluded from the Settlement Class, which are submitted on the forms, in the manner, and within the time set forth in the Notice to Class Members.

1.20    "Order of Final Approval" or "Order Granting Final Approval of Settlement" shall mean an order to be entered and filed by the Court entitled "Order Determining Good Faith and Granting Final Approval of Settlement," substantially in the form attached hereto as Exhibit 3.

1.21    The "PAGA Action" shall mean the lawsuit entitled *Chin v. Wachovia Financial Services, Inc., et al.*, United States District Court for the Northern District of California, Case No. 4:08-cv-01320-CW (originally filed in the Superior Court of the State of California for the County of Alameda, Case No. RG08368375).

1.22    "Participating Claimant" or "Participating Claimants" means each Settlement Class Member who submits a Qualifying Settlement Claim Form in response to the Notice to Class Members.

1.23    "Person" means a natural person.

1.24    "Preliminary Approval Date" shall mean the date on which the Court enters the Preliminary Approval Order.

1.25    "Preliminary Approval Order" or "Order Granting Preliminary Approval of Settlement and Setting a Settlement Hearing" shall mean an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval of Settlement and Setting a Settlement Hearing," substantially in the form attached hereto as Exhibit 1.

1.26    A "Qualifying Settlement Claim Form" or "Qualifying Claim Form" shall mean a Settlement Claim Form that (a) is completed, properly executed and timely returned to the Claims Administrator, *i.e.,* returned with a postmark on or before the Notice Response Deadline;

1   and (b) confirms eligibility to participate, *i.e.,* the second check box on the Settlement Claim

2   Form (representing a wage payment and/or meal or rest period violation) is marked and the first

3   check box is not.

4         1.27   A "Qualifying Work Week" is any calendar week during the Class Period

5   in which a Class Member was employed as a full-time hourly Telefi/ELOC Loan Representative

6   by World Mortgage Company or Wachovia at the call center located at 794 Davis Street, San

7   Leandro, California.  A Class Member need not have worked during the entire calendar week

8   period for it to qualify as a Qualifying Work Week.  The Settling Parties agree that the total

9   number of Qualifying Work Weeks worked by the Class will be approximately 9,030.

10         1.28   A "Reasonable Address Verification Measure" shall mean the utilization of

11   the National Change of Address Database maintained by the United States Postal Service to

12   review the accuracy of and, if possible, update a mailing address.

13         1.29   "Released Claims" shall collectively mean any and all claims, including

14   without limitation Unknown Claims as defined in Paragraph 1.40 hereof, demands, rights,

15   liabilities and causes of action of every nature and description whatsoever by a Class Member

16   relating to his or her employment in California with, or termination from employment in

17   California with, Wachovia, or any of its affiliates, including without limitation statutory,

18   constitutional, contractual or common law claims, whether known or unknown, whether or not

19   concealed or hidden, against the Wachovia Releasees, or any of them, that accrued during the

20   Class Period for any type of relief, including without limitation claims for wages, damages,

21   unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation

22   costs, restitution, or equitable relief, based on any of the following categories of allegations:  (1)

23   any and all claims for (a) failure to pay regular or premium wages, (b) failure to comply with

24   payroll or wage record-keeping or itemization requirements, (c) failure to provide meal and/or

25   rest periods and/or to pay additional sums of money in lieu thereof, and (d) failure to timely pay

26   wages due at termination or otherwise; (2) any and all statutory claims arising from the categories

27   of allegations set forth above in Paragraph 1.29(1), including without limitation claims under the

28

1   Fair Labor Standards Act ("FLSA"),[1] the Portal to Portal Act, California Labor Code sections

2   203, 218, 218.5, 226.7, 512, 1194 and 2698 *et seq.* and California Business & Professions Code

3   section 17200 *et seq.*; (3) any and all claims arising from the categories of allegations set forth

4   above in Paragraph 1.29(1) for penalties or liquidated damages, including without limitation

5   claims under the FLSA or Portal to Portal Act or California Labor Code sections 203, 226, 226.7,

6   512, 1194, and 2698 *et seq.*; and (4) any and all claims arising from the categories of allegations

7   set forth above in Paragraph 1.29(1) for interest, costs, or attorney fees; and (5) to the extent not

8   covered above, any and all claims pled in the Litigation.  (The Settling Parties understand and

9   agree that the Released Claims include claims under the California Private Attorney Generals Act

10  of 2004, codified at Cal. Labor Code section 2698 *et seq.*, for which the Class was granted

11  additional consideration in the amount of $5,000, which is included in the Maximum Settlement

12  Amount and $3,750 of which shall be paid to the California Labor and Workforce Development

13  Agency.)

14          1.30    "Ronald Chin" or "Class Representative Chin" means Ronald Chin, an

15  individual and the plaintiff who commenced the Lead Action and the PAGA Action.

16          1.31    "Settlement Claim Form" or "Claim Form" shall mean the form attached as

17  Form C to the Notice to Class Members, in the same or substantially the same manner as set forth

18  in Exhibit 2.

19          1.32    "Settlement Class" means the collective group of all of the Class Members

20  who do not opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.5.2,

21  and thus means the collective group of all of the Class Members who will become subject to and

22  bound by the Judgment if the Effective Date occurs.

23          1.33    "Settlement Class Member" means any Person who is a member of the

24  Settlement Class.

25

26  [1]     Although all other Released Claims are released by all Settlement Class Members, the Settling
    Parties agree that direct FLSA claims, as opposed to state law claims predicated on the FLSA such as

27  claims under California Business & Professions Code section 17200 (which are Released Claims), are
    released with respect to Participating Claimants only.  Class members who do not file Claim Forms will

28  not be deemed to have released direct FLSA claims.

1       1.34    "Settlement Hearing" means a hearing set by the Court to take place on or

2   about the date which is fifty-five (55) days after the Notice Response Deadline for the purpose of

3   (i) determining the fairness, adequacy and reasonableness of the Stipulation and associated

4   settlement pursuant to class action procedures and requirements; (ii) determining the good faith of

5   the Stipulation and associated settlement; (iii) awarding attorneys' fees and costs; and (iv)

6   entering Judgment.

7       1.35    "Settlement Sum" means the total, gross amount due to an individual Class

8   Member if he or she becomes a Class Member and if he or she becomes a Participating Claimant,

9   which shall be the product of his or her Settlement Variable multiplied by the number of

10  Qualifying Work Weeks worked by him or her.  Because of the withholdings described in

11  Paragraph 2.2.1, the amount received by each participating Claimant will be less than his or her

12  Settlement Sum.

13      1.36    "Settlement Variable" shall be the quotient of $266,250 divided by the total

14  number of Qualifying Work Weeks worked by Class Members.  For purposes of illustration, it is

15  understood and agreed that, if the total number of Qualifying Work Weeks is 9,030, then the

16  Settlement Variable will be $29.49.

17      1.37    "Settling Parties" means (a) Wachovia; and (b) the Class Representative on

18  behalf of himself and all Members of the Settlement Class.

19      1.38    "Stipulation" means this agreement, the Stipulation Re: Settlement of Class

20  Action and all of its attachments and exhibits, which the Settling Parties understand and agree

21  sets forth all material terms and conditions of the Settlement between them, and which is subject

22  to Court approval.  It is understood and agreed that Wachovia's obligations for payment under

23  this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date.

24      1.39    "Telefi/ELOC Loan Representative" shall mean the position of

25  Telefi/ELOC Loan Representative as that term is or was commonly used at Wachovia or World

26  Mortgage Company, including the following specific positions:  Loan Representative I –

27  Telefi/ELOC (Job Code 57-800, Grade 024); Loan Representative II – Telefi/ELOC (Job Code

28  57-801, Grade 025); Loan Representative Sr. – Telefi/ELOC (Job Code 57-802, Grade 026);

Loan Representative Exec – Telefi/ELOC (Job Code 57-803, Grade 027); and Loan Representative Exec Sr. – Telefi/ELOC (Job Code 57-804, Grade 028).

1.40    "Unknown Claims" means any Released Claims which the Class Representative or any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the Wachovia Releasees, or might have affected his or her decision to opt out of the Class or to object to this settlement.  With respect to any and all Released Claims, and only Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representative shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

1.41    "Updated Address" means a mailing address that was updated via a

Reasonable Address Verification Measure or via an updated mailing address provided by the

United States Postal Service or a Class Member.

1.42    "Wachovia" means Wachovia Mortgage, FSB, an FDIC insured bank held

by Wachovia Corporation, and headquartered in Nevada.

1.43    "The Wachovia Releasees" means Wachovia, each of its affiliates

(including without limitation Wachovia Corporation and all Wachovia entities), predecessors

(including without limitation World Mortgage Company and World Savings, Inc.), successors,

divisions, joint ventures and assigns, and each of these entities' past or present directors, officers,

employees, partners, members, principals, agents, ERISA plans, ERISA plan administrators,

insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives.

2.      The Settlement.

2.1    *Consideration to Settlement Class Members*

2.1.1    Wachovia, itself or through the Claims Administrator, and according

to the terms, conditions and procedures set forth in this section of this Stipulation, shall pay each

Participating Claimant his or her Settlement Sum.  To the extent administratively convenient,

these payments shall be paid via one check.  The Settlement Sums shall be allocated for tax

reporting reasons as set forth below:  (a) fifty percent (50%) shall be deemed payment in

settlement of claims for unpaid wages; and (b) fifty percent (50%) shall be deemed payment in

settlement of claims for penalties, interest and all other non-wage recovery.

2.1.2    As further detailed in this Section 2 for each payment made pursuant

to this Section 2, Wachovia, itself or through the Claims Administrator, will report each

payment to government authorities including the Internal Revenue Service as required by law,

and it shall make all required deductions and/or withholdings.

2.2    *Taxes*

2.2.1    Those payments (or portions thereof) allocated to the settlement of

claims for unpaid wages (a) shall be subject to required withholdings and deductions, and so the

net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of

payment as wage income to the Participating Claimant on a Form W-2 or analogous form. Those payments (or portions thereof) allocated to all other claims, including without limitations claims for penalties, interest and other non-wage recovery (a) shall not be subject to withholdings and deductions, and so the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Participating Claimants on a Form 1099 or analogous form.  Other than as set forth above, Wachovia will not, unless otherwise required by law, make, from the Settlement Sum of each Participating Claimant, any deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Order of Final Approval by the Court shall be deemed authority not to make such deductions, withholdings or additional payments.  Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit or other compensation plan provided by Wachovia.

     2.2.2  Other than the withholding and reporting requirements set forth in Paragraphs 2.1.2 and 2.2.1 and the employer's standard share of payroll tax liability for the portions of the payments characterized as wage payments, which will be funded through adjustments to the Settlement Sums of the Participating Claimants, Participating Claimants shall be solely responsible for the reporting and payment of any federal, state and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Stipulation.  Wachovia makes no representations, and it is understood and agreed that Wachovia has made no representations, as to the taxability of any portions of the settlement payments to any Participating Claimants, the payment of any costs or an award of attorneys' fees, any payments to the Class Representative or any other payments made pursuant to this Stipulation. The Notice to Class Members will advise Class Members to seek their own tax advice prior to acting in response to that notice, and the Class Representative and Class Counsel agree that Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the notice.

2.3     *Court Approval of Notice to the Class and Scheduling of a Settlement Hearing.*

2.3.1     Within thirty (30) days of the final execution of this Stipulation, the Class Representative and Wachovia, through their counsel of record in the Litigation, shall file this Stipulation with the Court in the Lead Action and jointly move for preliminary approval of this Stipulation.  Via this submission, and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court in the Lead Action enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the good faith with regard to the settlement, granting final approval of the settlement, granting final approval of this Stipulation and entering Judgment.  Via this submission, the Class Representative, through Class Counsel, shall advise the Court of the agreements set forth in Paragraphs 2.8.1 and 2.8.2 of this Stipulation.

2.3.2     Subject to Court availability, the Class Representative and Wachovia shall endeavor to notice the joint motion for entry of the Preliminary Approval Order described in Paragraph 2.3.1 for a hearing before the Court within thirty-five (35) days of filing.  Failure of the Court to enter the Preliminary Approval Order in its entirety or in a substantially similar form following the full efforts of the Settling Parties to obtain such entry will be grounds for the Settling Parties to terminate the settlement and the terms of this Stipulation.

2.3.3     If the Court enters the Preliminary Approval Order more than forty-five (45) days after the Settling Parties file a motion for preliminary approval, Class Counsel and counsel for Wachovia shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation.  In the event that the Settling Parties fail to reach such agreement, any of the Settling Parties may apply to the Court via an administrative motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

2.3.4     If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representative and Wachovia, through their counsel of

- 14 -

record, shall address any written objections from Class Members, any concerns from Class Members who attend the hearing and any concerns of the Court.  The Settling Parties shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

2.4     *Notice to Class Members.*

2.4.1     If, by entering the Preliminary Approval Order, the Court provides authorization to send the Class Notice to Class Members, Wachovia, through its counsel of record and/or the Claims Administrator, will facilitate the mailing of the Class Notice to all Class Members at their Last Known Addresses.  This Class Notice shall be mailed via first class mail through the United States Postal Service, postage pre-paid.  The Claims Administrator shall provide weekly or bi-weekly reports on the status of the mailings and responses.

2.4.2     This Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator as listed on the forms of the Class Notice. The Class Notice mailed to Class Members shall contain the Class Notice, with forms A, B, and C, and no other materials or documents.

2.4.3     Wachovia shall prepare (and provide to the Claims Administrator only) the name, Last Known Address, and number of Qualifying Work Weeks for each Class Member for the Claims Administrator so that the Claims Administrator can calculate potential Settlement Sums for Class Members and engage in the processing and mailing of each Class Notice.

2.4.4     Prior to mailing the Class Notice to each Class member, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member.  To the extent this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

2.4.5     Prior to mailing the Class Notice to each Class Member, the Claims Administrator shall include in the space provided on each Class Notice the number of

1  Qualifying Work Weeks for each Class Member as well as an individualized statement on each

2  recipients potential recovery.  To the extent a Participating Claimant disputes the number of

3  Qualifying Work Weeks for which he or she has been credited, that individual may present his

4  or her dispute to the Claims Administrator or Class Counsel, provided he or she does so before

5  the Notice Response Deadline.  In the case of such a dispute, the Settling Parties and the affected

6  Class Member (through Class Counsel) will attempt to resolve the dispute prior to raising it with

7  the Court.  In the event that such disputes concerning the number of credited Qualifying Work

8  Weeks result in agreement(s) and/or Court order(s) that cause an increase in the total number of

9  Qualifying Work Weeks listed in Paragraph 1.27 by more than 20%, then either of the Settling

10  Parties will have the option to void the settlement unless Wachovia agrees to make payments to

11  the affected Participating Claimants in the amount of their revised Settlement Sums.  No

12  disputes concerning a Class Member's number of Qualifying Work Weeks will be honored if

13  first presented to the Claims Administrator or Class Counsel after the Notice Response

14  Deadline.

15  2.4.6   Each of the Notices shall be mailed to the Last Known Addresses of

16  the Class Members no later than the Notice Mailing Deadline.

17  2.4.7   All costs of the mailing described in Paragraph 2.4.1, which shall be

18  the fees charged by the Claims Administrator, the cost of the envelope in which the Class Notice

19  will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the

20  Class Notice, shall be paid by Wachovia and shall be deducted from the Maximum Settlement

21  Amount.  No other materials besides the Class Notice will be included in this mailing to Class

22  Members.

23  2.4.8   Unless the Claims Administrator receives a Class Notice returned

24  from the United States Postal Service for reasons discussed below in this paragraph, that Class

25  Notice shall be deemed mailed and received by the Class Member to whom it was sent five days

26  (5) days after mailing.  In the event that subsequent to the first mailing of a Class Notice and

27  prior to the deadline for a response, that Class Notice is returned to the Claims Administrator by

28  the United States Postal Service with a forwarding address for the recipient, the Claims

Administrator shall re-mail the notice to that address, the notice will be deemed mailed at that point, and the forwarding address shall be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing of a Class Notice, and prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Notice as soon as feasible after receiving such information; if no Updated Address is obtained for that Class Member, the Class Notice shall be sent again to the Last Known Address.  In either event, the Class Notice shall be deemed received once it is mailed for the second time.  Nothing in this Paragraph shall be deemed to extend the Notice Response Deadline.

2.4.9     To the extent a Class Member has not submitted to the Claims Administrator some form of written response to the Class Notice, *i.e.,* a change of address form, an opt out form or a Claim Form, by the date that is twenty (20) days before the Notice Response Deadline, the Claims Administrator shall send that Class Member a postcard (a) referencing the name of the Litigation; (b) stating that the Class Member previously received a notice in this action; (c) providing an address for the Claims Administrator and stating that the Class Member can write the Claims Administrator to receive an additional copy of the notice; and (d) stating that the deadline for responding to the notice itself is approaching.  The postcard shall not contain additional information or statements.  Nothing in this Paragraph 2.4.9 shall be construed to extend the Notice Response Deadline for any Class Member.

2.5     *Responses to the Notice to Class Members; Motion for Final Approval.*

2.5.1     Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s).  Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election.  The Class Notice will advise Class Members of this option.

2.5.2     Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Settlement Class.  Class Members who wish to exercise this option must fully complete, execute and mail, per the instructions therein, the form entitled "Election to Opt Out of Settlement and Class Action" attached to the Class Notice as Form B.  If a fully completed and properly executed Opt Out is not received by the Claims Administrator from a Class Member postmarked on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to opt out of the Settlement Class.  Class Members who do not properly submit Opt Outs shall be deemed Members of the Settlement Class.  Class Members who do properly submit Opt Outs shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation.

2.5.3     Class Members who do not opt out of the Settlement Class pursuant to Paragraph 2.5.2 may also object to the Stipulation by submitting written objections to Class Counsel (either directly or via the Claims Administrator) no later than the Notice Response Deadline.  The Class Notice shall advise Class Members of this option.  Class Counsel shall immediately provide any such objections to Wachovia and subsequently the Court in the final approval process.

2.5.4     Class Members who do not opt out of the Settlement Class pursuant to Paragraph 2.5.2 may elect to become Participating Claimants.  Class Members who wish to exercise this option must establish their entitlement to payment under the settlement by fully complete, execute and mail, per the instructions therein, the form entitled "Settlement Claim Form" attached to the Class Notice as Form C.  If a Class Member submits an incomplete or otherwise procedurally defective Settlement Claim Form, the Claims Administrator shall send them a cure letter giving him or her fifteen (15) days to cure the defect, and absent such cure, the Class Member shall be deemed a Non-Settlement Class Members.  If a completed and properly executed Settlement Claim Form is not received by the Claims Administrator from a Class Member and postmarked on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to be a Participating Claimant and receive

- 18 -

payment under this settlement.  As long as they do not properly submit Opt Outs, Class

Members who do not submit Settlement Claim Forms in a timely and proper fashion shall be

deemed Members of the Settlement Class and shall be subject to the Judgment.  Only

Participating Claimants shall be entitled to payment pursuant to the Judgment.  It is agreed and

understood that if all Class Members become Participating Claimants, then Wachovia will pay a

total gross amount of $266,250 to all Participating Claimants, but if fewer than one hundred

percent of Class Members become Participating Claimants, then Wachovia will pay less than

$266,250 to Participating Claimants.  For Class Members who execute or have executed

severance agreements and associated releases on or before the Preliminary Approval Date, those

severance agreements and associated releases will not affect the Class Members' ability to

submit a Settlement Claim Form, become Participating Claimants and receive their Settlement

Sums under this Stipulation.  To the extent Class Members opt out of the settlement, the Settling

Parties understand and explicitly agree that Wachovia reserves the right to argue that the claims

of the Opt Outs are barred by any severance agreements and associated releases executed by

those individuals.  If this Stipulation is not approved, the Settling Parties understand and

explicitly agree that Wachovia has not waived its right to argue in future litigation that such

severance agreements and associated releases do preclude some or all of the claims at issue in

the Litigation, and that Plaintiff and Class Members have not waived their rights to argue in

future litigation that such severance agreements and associated releases do not preclude some or

all of the claims at issue in the Litigation  .

        2.5.5        A Class Member who submits a Settlement Claim Form and an Opt

Out prior to the Notice Response Deadline shall be sent a cure letter by the Claims

Administrator seeking clarification of which response they want to submit.  Absent a cure within

fifteen (15) days of the cure letter or until the Notice Response Deadline, whichever is later, the

Class Member will be deemed a Participating Claimant.  Class Members who submit incomplete

Settlement Claim Forms or Opt Outs or Change of Address Forms shall be notified by the

Claims Administrator and given an additional fifteen (15) days or until the Notice Response

Deadline, whichever is later, to cure such deficiencies provided the original submission was submitted on or prior to the Notice Response Deadline.

2.5.6     Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute and mail, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Class Notice as Exhibit A.

2.5.7     Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and Wachovia shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Through this motion, the Settling Parties shall advise the Court of the agreements in Paragraphs 2.8.1 and 2.8.2 of this Stipulation. The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in Paragraphs 2.8.1 and 2.8.2 of this Stipulation. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void *ab initio*, and Wachovia shall have no obligations to make any payments under the Stipulation.

2.6     *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members*.

2.6.1     Within sixty (60) days of and only after the Effective Date, Wachovia, through the Claims Administrator, shall pay to each Participating Claimant his or her relevant Settlement Sum.

2.6.2     In accordance with the terms of Paragraphs 2.1.1 and 2.1.2, Wachovia, through the Claims Administrator, shall issue to each Participating Claimant one check (or more if necessary for administrative convenience) payable to the Participating Claimant, from Wachovia (or from an account administered by the Claims Administrator but funded by Wachovia) for the gross amount of the Settlement Sum, less relevant withholdings

- 20 -

and adjustments for payroll taxes per Paragraph 2.2.2.  Wachovia, through the Claims Administrator, shall mail this check(s) to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained.

2.6.3    Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of at least ninety (90) days from the date of mailing, and the funds associated with any checks which are not properly or timely negotiated shall remain the property of Wachovia and shall not be paid to any Person other than Wachovia.  To the extent a check mailed to a Participating Claimant is returned to the Claims Administrator as undeliverable without a forwarding address before the 90-day deadline has lapsed, the Claims Administrator shall perform a standard skip trace to attempt to locate a new address for the Participating Claimant and then re-send the check to that new address, if obtained.  The Settling Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided for in this Stipulation; any finding to the contrary shall be grounds for either party to void the agreement.  Participating Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of the Judgment.

2.6.4    Following the mailing of the Notices of Final Approval to the Settlement Class and the payments to Participating Claimants discussed in Paragraph 2.6.2, the Claims Administrator shall provide counsel with a written confirmation of this mailing.  Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigation on behalf of the Settlement Class.

2.7    *Releases and dismissals*.

2.7.1    Upon the Effective Date, the Class Representative and each of the Settlement Class Members (and only these Persons) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims, including without limitation Unknown Claims.

1    2.7.2    Ronald Chin and Class Counsel and Wachovia agree to seek a stay of

2   the PAGA Action while the settlement is pending before the Court in the Lead Action for

3   preliminary and final approval.  Ronald Chin, Class Counsel, and Wachovia further agree to file

4   a stipulation of dismissal of the PAGA Action with prejudice as to Ronald Chin within ten (10)

5   days of the Effective Date.

6    2.8    *Payment of Costs and Attorneys' Fees and Class Representative*

7   *Enhancements*.

8    2.8.1    Class Counsel shall be entitled, subject to Court approval and the

9   occurrence of the Effective Date, to an award of attorney fees and costs, not to exceed the

10  amounts specified herein.  Not more than sixty (60) days after the Effective Date, and only if the

11  Effective Date occurs, and subject to Court approval, Wachovia will pay up to $160,000 total to

12  Class Counsel for all attorneys' fees and allowable Litigation costs (including up to $150,000 to

13  cover attorney fees and up to $10,000 in allowable Litigation costs).  Payments made per this

14  paragraph shall constitute full satisfaction of any claim for fees or costs, and the Class

15  Representative and Class Counsel, on behalf of themselves and all Settlement Class Members,

16  agree that they shall not seek nor be entitled to any additional attorneys' fees or costs under any

17  theory, and the Class Representative further agrees that these payments will be made directly to

18  Class Counsel.  The Class Representative and Class Counsel agree that they shall be responsible

19  for justifying the amount of these cost and fee payments to the Court, and they agree to submit

20  the necessary materials to justify this payment along with the Settling Parties' joint motion for

21  final approval of the Stipulation pursuant to Paragraph 2.5.7.  Wachovia agrees not to oppose

22  any submission regarding, or request for approval of, this payment of fees or costs provided it is

23  consistent with this Stipulation.  In the event that the Court (or appellate court) awards less than

24  the maximum amount for attorneys' fees and/or costs, only the awarded amounts shall be paid

25  and shall constitute satisfaction of the obligations of this paragraph and full payment thereunder,

26  and any remaining or unawarded portion of the maximum fee and cost awards shall remain the

27  property of Wachovia.  If the Effective Date occurs, Wachovia shall make this payment pursuant

28  to this Paragraph to Class Counsel directly, and prior to Wachovia making this payment, Class

1    Counsel shall provide counsel for Wachovia with the pertinent taxpayer identification numbers

2    and W-9 forms.  Other than any reporting of this fee payment as required by this Stipulation or

3    law, which Wachovia shall make, Class Counsel and the Class Representative shall alone be

4    responsible for the reporting and payment of any federal, state and/or local income or other form

5    of tax on any payment made pursuant to this paragraph.  Other than as provided in this

6    Paragraph 2.8.1 for the limited purpose discussed herein, no party shall be deemed the prevailing

7    party for any other purposes of the Litigation.

8           2.8.2    No more than sixty (60) days after the Effective Date, and only in the

9    event that the Effective Date occurs, Wachovia will forward a check payable to Ronald Chin, in

10   his personal capacity only and via his counsel of record, in the gross amount of ten thousand

11   United States dollars.  Such payment shall be compensation and consideration for (i) Ronald

12   Chin's efforts as a class representative in the Litigation; and (ii) the execution of a general

13   release of all known or unknown claims of any nature Ronald Chin has against the Wachovia

14   Releasees, an agreement that shall be executed prior to payment under this paragraph.  In the

15   event that the Court (or appellate court) awards less than the maximum amount for this

16   enhancement award, only the awarded amounts shall be paid and shall constitute satisfaction of

17   the obligations of this paragraph and full payment thereunder, and any remaining or unawarded

18   portion of the maximum fee and cost awards shall remain the property of Wachovia.  Prior to

19   Wachovia making this enhancement payment, Ronald Chin must execute an agreement

20   generally releasing all claims of any nature, known or unknown, that he has against the

21   Wachovia Releasees and any of them.  Through this agreement, Ronald Chin agrees to be a

22   Settlement Class Member and a Participating Claimant subject to the Judgment, and in light of

23   this agreement and his implicit certification, it shall not be necessary for him to be sent a Class

24   Notice or for him to complete a Settlement Claim Form.  Beyond the enhancement award set

25   forth above, Ronald Chin shall also receive his Settlement Sum as a participating Claimant.  The

26   Settling Parties agree that Wachovia shall report the ten thousand dollar payment in the same

27   manner described for non-wage payments in Paragraphs 2.1.1 and 2.2.1 of this Stipulation.

28   Other than the reporting and withholding set forth in this paragraph, Ronald Chin shall be

responsible for the reporting and payment of any federal, state and/or local income or other form

of tax on any payment made pursuant to this paragraph.

2.8.3   Unless otherwise expressly provided, Wachovia shall have no

responsibility for, and no liability whatsoever with respect to, the allocation among Ronald

Chin, Class Counsel and/or any other Person who may assert some claim thereto, of any award

or payment issued or made in the Litigation or pursuant to this Stipulation, including, but not

limited to, any award or payment pursuant to Paragraph 2.8.1 or 2.8.2.

2.9   *Claims Administrator.*

2.9.1   All fees and expenses reasonably incurred by the Claims

Administrator as a result of procedures and processes expressly required by this Stipulation shall

be paid by Wachovia and taken from the Maximum Settlement Amount.  The Class

Representative and Class Counsel shall have no responsibility for such fees or expenses.  Based

on current estimates, the Settling Parties anticipate that the total sum paid to the Claims

Administrator will be $10,000, but the Settling Parties understand and agree that this figure

represents just an estimated maximum, and the sum charged by the Claims Administrator may

be different**.**

2.9.2   The actions of the Claims Administrator shall be governed by the

terms of this Stipulation.  Wachovia may provide relevant information needed by the Claims

Administrator per this Stipulation and engage in related communications with the Claims

Administrator without notice or copies to Class Counsel, any Class Members or the Court.

Wachovia may make payment to the Claims Administrator for its services and engage in related

communications with the Claims Administrator without notice or copies to Class Counsel, any

Class Members or the Court.

2.9.3   In the event that any Settling Parties take the position that the Claims

Administrator is not acting in accordance with the terms of the Stipulation, they shall meet and

confer with opposing counsel prior to raising any such issue with the Claims Administrator or

the Court.

1      2.10   *Termination of Settlement*

2            2.10.1      In the event that the settlement set forth in this Stipulation shall not be

3   approved in its entirety or substantially as is by the Court, or in the event that the Effective Date

4   does not occur, no payments shall be made by Wachovia to anyone in accordance with the terms

5   of this Stipulation, the Settling Parties will bear their own costs and fees with regard to the

6   efforts to obtain Court approval, and this Stipulation shall be deemed null and void with no

7   effect on the Litigation whatsoever, provided Wachovia will be responsible for any reasonable

8   costs incurred by the Claims Administrator to the point the Stipulation is deemed void.  If the

9   Court changes the dates of hearings provided for in this Stipulation by fewer than three (3)

10  months, this shall not be deemed a substantial change necessitating termination of the

11  settlement.  In the event that ten (10) percent or more of Class Members opt out of the

12  Settlement Class by submitting Opt Outs pursuant to Paragraph 2.5.2, Wachovia shall have the

13  absolute discretionary right to terminate this settlement and Stipulation.  To the extent Wachovia

14  chooses to exercise the option established in this Paragraph, it must do so through written notice

15  to Class Counsel prior to the Settlement Hearing.

16     2.11   *Miscellaneous Provisions.*

17           2.11.1      The only Class Members entitled to any payment under this

18  Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to

19  their respective Settlement Sums only.  This Stipulation and the associated Judgment do not and

20  will not create any unpaid residue or unpaid residual, and no distribution of such shall be

21  required.  The provisions of California Code of Civil Procedure section 384 do not apply to this

22  action or this Stipulation, and a finding to the contrary will be a ground for Wachovia to void the

23  settlement.  Those parts of the Maximum Settlement Portion for Payments to Participating

24  Claimants that are not claimed shall remain the property of Wachovia, and any finding to the

25  contrary will be a ground for Wachovia to void the settlement.

26           2.11.2      No Person shall have any claim against Class Counsel, the Claims

27  Administrator, counsel for Wachovia or any of the Wachovia Releasees based on the payments

28

made or other actions taken substantially in accordance with the Stipulation and the settlement contained therein or further orders of the Court.

        2.11.3     In the event that the Stipulation is not substantially approved by the Court or the settlement set forth in the Stipulation is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Stipulation is otherwise provided in this Stipulation, the Settling Parties shall resume the Litigation at that time as if no Stipulation had been entered.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. Notwithstanding any other provision of this Stipulation, no order of the Court reducing, or modification or reversal on appeal of any order of the Court reducing, the amount of any attorneys' fees or costs to be paid by Wachovia to Class Counsel or any enhancement award to be paid by Wachovia to the Class Representative, shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any other provision of the Judgment.

        2.11.4     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

        2.11.5     The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense.  The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated at arms-length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

        2.11.6     The Settling Parties agree that the Notice Response Deadline shall not be extended, and no untimely submissions or claims will be honored, under any circumstances,

unless, and only unless, a Class Member can sufficiently demonstrate that his or her failure to respond to the Class Notice was the product of the fact that he or she was legally incompetent during the notice response period, including, for example, he or she was incarcerated or hospitalized or on active military duty during the full notice response period; provided, however, no extensions will be granted for incompetency unless first requested in writing to the Claims Administrator or Class Counsel fewer than ninety (90) days following the Notice Response Deadline. The Settling Parties agree that the establishment and enforcement of the Notice Response Deadline is valuable consideration to Wachovia, and the finality provided thereby is a material aspect of this agreement. Any ruling to the contrary by the Court or any ruling allowing the filing of any responses to the Class Notice following the Notice Response Deadline shall be grounds for Wachovia to void the Stipulation.

2.11.7    Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Wachovia Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Wachovia Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Wachovia could not contest (or is estopped from contesting) class or collective action certification on any grounds if this Litigation were to proceed; this Stipulation shall not be deemed an admission by, or ground for estoppel against, Wachovia that class or collective certification in the Litigation is proper or cannot be contested on any grounds. If this Litigation were to proceed, the Settling Parties shall proceed as if no settlement had been entered or proposed to the Court.

2.11.8    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

1    2.11.9    The Stipulation may be amended or modified only by a written

2    instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

3    2.11.10    The Stipulation constitutes the entire agreement among the Settling

4    Parties hereto and no representations, warranties or inducements have been made to any party

5    concerning the Stipulation or its exhibits other than the representations, warranties and

6    covenants contained and memorialized in such documents.  Except as otherwise provided

7    herein, each party shall bear its own costs.

8    2.11.11    Class Counsel, on behalf of the Class, represent that they are expressly

9    authorized by the Class Representative to take all appropriate action required or permitted to be

10   taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly

11   authorized to enter into any modifications or amendments to, or documents or pleadings filed in

12   support of, the Stipulation on behalf of the Class which they deem appropriate.

13   2.11.12    Each counsel or other Person executing the Stipulation or any of its

14   exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to

15   do so.

16   2.11.13    The Stipulation may be executed in one or more counterparts.  All

17   executed counterparts and each of them shall be deemed to be one and the same instrument.  A

18   complete set of original executed counterparts shall be filed with the Court.

19   2.11.14    The Stipulation shall be binding upon, and inure to the benefit of, the

20   successors and assigns of the Settling Parties hereto; but this Stipulation is not designed to and

21   does not create any third party beneficiaries.

22   2.11.15    The Court shall retain jurisdiction with respect to implementation and

23   enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the

24   jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in

25   the Stipulation.

26   2.11.16    The Stipulation and the exhibits hereto shall be considered to have

27   been negotiated, executed and delivered, and to have been wholly performed, in the State of

28   California, and the rights and obligations of the Settling Parties to the Stipulation shall be

- 28 -

1    construed and enforced in accordance with, and governed by, the internal, substantive laws of

2    the State of California without giving effect to that State's choice of law principles.

3           2.11.17    The language of all parts of this Stipulation shall in all cases be

4    construed as a whole, according to its fair meaning, and not strictly for or against either party.

5    No party shall be deemed the drafter of this Stipulation.  The Settling Parties acknowledge that

6    the terms of the Stipulation are contractual and are the product of negotiations between the

7    Settling Parties and their counsel.  Each party and their counsel cooperated in the drafting and

8    preparation of the Stipulation.  In any construction to be made of the Stipulation, the Stipulation

9    shall not be construed against any party and the canon of contract interpretation set forth in

10   California Civil Code § 1654 shall not be applied.

11          2.11.18    Wachovia will not retaliate against class members for any actions

12   taken or not taken with respect to this settlement and will not sue the Class Representative for

13   filing the complaints in this Litigation.

14          2.11.19    Wachovia will not assert any claims against Class Counsel for their

15   conduct in connection with the Litigation, and it acknowledges that Class Counsel have

16   complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure to this point

17   in the Litigation.

18          2.11.20    At no time shall the Claims Administrator or Wachovia be requested

19   or required to provide Class Counsel with the Last Known Address or other contact information

20   of Class Members.

21          2.11.21    The Settling Parties to this agreement recognize and acknowledge that

22   at the time of the execution of this Stipulation, there are cases pending (including without

23   limitation *Brinker Restaurant Corp. v. Superior Court*, 80 Cal. Rptr. 3d 781) and unsettled areas

24   of law, which could have had impact on the claims at issue in the Litigation.  The Settling

25   Parties further recognize that they reached this settlement in light of the risks created by these

26   cases and all other issues of unsettled law, and that all parties will take all efforts to obtain court

27   approval for this settlement regardless of how such precedent develops after this settlement is

28   executed.  The Settling Parties agree that the proposed class is receiving sufficient benefit and

1    consideration from this settlement by obtaining a settlement and that this settlement is fair, and

2    the Settling Parties and their counsel agree not to argue otherwise or seek to void this settlement

3    or prevent court approval on the basis of other precedent in the future.

4            2.11.22    The Settling Parties agree to take all reasonable steps to comply with

5    the requirements of the Class Action Fairness Act of 2005, including the notice requirements.

6    Wachovia will be responsible for mailing pertinent documents to government officials as

7    required by the Class Action Fairness Act of 2005.  It is the intent of the Settling Parties that the

8    Judgment be binding on all Settlement Class Members.  No more than 10 days after this

9    Stipulation and the joint motion for preliminary approval of this Stipulation are filed, Wachovia

10   shall provide notice to the Attorney General of the United States, Office of Thrift Supervision,

11   the California State Attorney General, the California Department of Industrial Relations and the

12   California Labor and Workforce Development Agency and any other entities or agencies that

13   Wachovia deems appropriate.  Said notice shall be mailed, and can be in paper or an electronic

14   or disc format, and shall include to the extent then available and feasible:  (1) the operative

15   complaints in the Litigation; (2) the notice of motion and motion for preliminary approval of the

16   settlement, which shall include the proposed final approval hearing date; (3) the proposed Class

17   Notice; (4) this Stipulation; (5) the Stipulation and/or notice of motion and motion for

18   preliminary approval of the settlement, which shall confirm that there are no additional

19   agreements among the Settling Parties not reflected in the Stipulation; (6) this Stipulation, which

20   shall include the proposed Judgment; and (7) the names of each Class Member and his or her

21   projected number of Qualifying Work Weeks.  The Settling Parties agree that this notice shall be

22   sufficient to satisfy the terms of 28 U.S.C. § 1715, and that subject to the occurrence of the

23   Effective Date, this Stipulation and the associated Judgment shall be binding on all Settlement

24   Class Members.

25           2.11.23    Prior to the joint submission of the settlement agreement to the Court

26   for preliminary approval by the Settling Parties, neither the Class Representative nor Class

27   Counsel shall communicate any terms of this settlement to any third parties, except that the

28   Class Representative or Class Counsel may state simply and only that the Settling Parties have

1  reached agreement on a class action settlement, the specific terms of which will be proposed to

2  the Court. Following the submission for preliminary approval and thereafter, until entry of the

3  Judgment, the Class Representative and Class Counsel shall not publicize the settlement in this

4  action or the terms thereof via (a) press releases; (b) Internet postings; or (c) communications

5  with the media. This shall not prohibit Class Counsel from discussing this case or any aspect of

6  this settlement with the Class Representative, any class member (absent or otherwise) in this

7  case, any court or opposing counsel, and this shall not prohibit Class Counsel from in any way

8  disclosing their mere status as counsel in the case.

9         IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

10 executed.

11

12 Dated: 3/7/10

13                                                    Ronald Chin

14                                      Class Representative and Plaintiff

15

16 Dated: 3/30/2010

17                                      By: _____
                                             Eric Steinert
18                                      Bradley W. Blackwell
                                        Authorized agent for Wachovia Mortgage,
19                                      FSB

20

21 Approved as to form:

22 Dated: March 7, 2010                 INITIATIVE LEGAL GROUP APC

23                                      By: Mónica Balderrama
                                            Mónica Balderrama
24
                                        Class Counsel and Counsel to Plaintiff Ronald
25                                      Chin

26

27

28

                                        - 31 -

STIPULATION RE: SETTLEMENT OF CLASS ACTION NO. 4:08-cv-00684-CW

1    Dated: 3/25/10

2                                          MUNGER, TOLLES & OLSON LLP

3                                          By:  _____

4                                                   Malcolm A. Heinicke

5                                          Counsel for Defendant Wachovia Mortgage,
                                           FSB
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: SETTLEMENT OF CLASS ACTION NO. 4:08-cv-00684-CW

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  MALCOLM A. HEINICKE (SBN 194174)
   Malcolm.Heinicke@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
3  Twenty-Seventh Floor
   San Francisco, CA  94105-2907
4  Telephone:     (415) 512-4000
   Facsimile:      (415) 512-4077
5
   Attorneys for Defendants
6  WACHOVIA FINANCIAL SERVICES, WACHOVIA MORTGAGE
   CORPORATION, WACHOVIA SHARED RESOURCES, LLC
7  (erroneously sued as Wachovia Services, Inc.), WORLD
   MORTGAGE COMPANY, WACHOVIA COMMERCIAL
8  MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA
   EQUITY SERVICING, LLC, WACHOVIA BANK, N.A., WACHOVIA
9  CORPORATION, and WACHOVIA MORTGAGE, FSB
10 PLAINTIFF'S COUNSEL LISTED ON NEXT PAGE
11
12                    UNITED STATES DISTRICT COURT
13                    NORTHERN DISTRICT OF CALIFORNIA
14

15 | RONALD CHIN, individually, and on behalf of other members of the general public similarly situated, | CASE NO.  4:08-cv-00684-CW |
16 | | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING A SETTLEMENT HEARING** |
17 | Plaintiff, | |
18 | vs. | |
19 | WACHOVIA FINANCIAL SERVICES, INC.; WACHOVIA MORTGAGE CORPORATION; WACHOVIA SERVICES, INC.; WORLD MORTGAGE COMPANY; WACHOVIA COMMERCIAL MORTGAGE, INC.; WORLD SAVINGS, INC.; WACHOVIA EQUITY SERVICING, LLC; WACHOVIA BANK, N.A.; WACHOVIA CORPORATION; WACHOVIA MORTGAGE, FSB; and DOES 1 through 10, inclusive, | Date:    June 10, 2010<br>Time:    2:00  p.m<br>Courtroom 2, 4th floor<br><br>**Honorable Claudia Wilken** |
20 | | |
21 | | |
22 | | |
23 | | |
24 | | **Other Case Affected by Settlement**:  *Chin v. Wachovia Financial Services, Inc., et al.*, Case No. 4:08-cv-01320-CW |
25 | Defendants. | |

26
27
28

1   MARC PRIMO (SBN 216796)
    MPrimo@InitiativeLegal.com
2   MÓNICA BALDERRAMA (SBN 196424)
    MBalderrama@InitiativeLegal.com
3   INITIATIVE LEGAL GROUP LLP
    1800 Century Park East, 2nd Floor
4   Los Angeles, California 90067
    Telephone:     (310) 556-5637
5   Facsimile:     (310) 861-9051

6   Attorneys for Plaintiff RONALD CHIN and proposed
    Settlement Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    The joint motion of the Settling Parties for an order preliminarily approving a class

2  action settlement and setting a settlement hearing, came on for hearing on June 10, 2010.  The

3  Court has considered the Stipulation Re: Settlement of Class Action (and its exhibits), the

4  submissions of counsel, and all other papers filed in this action.  The matter having been

5  submitted and good cause appearing therefore:

6    The Court finds as follows:

7    1.    All defined terms contained herein shall have the same meanings as set

8  forth in the Stipulation Re: Settlement of Class Action executed by the Settling Parties and filed

9  with this Court (the "Stipulation");

10    2.    The Class Representative and Wachovia, through their respective counsel

11  of record in the Litigation, have reached an agreement to settle all Released Claims and resolve

12  the Litigation;

13    3.    The Court conditionally finds that, for the purposes of approving this

14  settlement only and for no other purpose and with no other effect on the Litigation, including no

15  effect on the Litigation should the Stipulation not ultimately be approved or should the Effective

16  Date not occur, the proposed Class meets the requirements for certification under Rule 23 of the

17  Federal Rules of Civil Procedure:  (a) the proposed Class is ascertainable and so numerous that

18  joinder of all members of the class is impracticable; (b) there are questions of law or fact common

19  to the proposed Class, and there is a well-defined community of interest among members of the

20  proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class

21  Representative Chin are typical of the claims of the members of the proposed Class; (d) Class

22  Representative Chin will fairly and adequately protect the interests of the Members of the Class;

23  (e) a class action is superior to other available methods for an efficient adjudication of this

24  controversy; and (f) the counsel of record for the Class Representative are qualified to serve as

25  counsel for the Class Representative in his own capacity as well as his representative capacity and

26  for the Class;

27

28

- 1 -

4.      The moving parties also have presented to the Court for review a Stipulation Re: Settlement of Class Action.  The Stipulation is within the range of reasonableness and meets the requirements for preliminary approval; and

5.      The moving parties have also presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the options facing the Class including, *inter alia*:  to opt out of the class action, to remain in the Settlement Class, to object to the terms of the settlement, with counsel if desired, and/or to be a Participating Claimant.  The notice will be mailed to all Class Members at their Last Known Addresses.  The notice plan proposed by the Settling Parties is the best practical under the circumstances.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation of Settlement is preliminarily approved and the Class is conditionally certified; and Ronald Chin is conditionally approved as the Class Representative, and Initiative Legal Group, APC is conditionally appointed Class Counsel;

2.      Notice of the proposed settlement, and the rights of Class Members to opt out of the settlement or become a Participating Claimant, shall be given by mailing of the Notice to Class Members by first class mail, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation and postmarked to the Claims Administrator on or before the Notice Response Deadline.  Wachovia shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

3.      A hearing shall be held before this Court on **November 4, 2010 at 2 pm** to consider whether the settlement should be given final approval by the Court:

(a)      Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel (either directly or through the Claims Administrator) on or before the Notice Response Deadline;

(b)      At the Settlement Hearing, Class Members may be heard orally in support of the settlement, or in opposition to the settlement, provided they submitted a timely written objection on or before the Notice Response Deadline;

1            (c)     Class Counsel and counsel for Wachovia should be prepared at the hearing

2    to respond to objections filed by Class Members, if any, and to provide other information as

3    appropriate, bearing on whether or not the settlement should be approved; and

4            4.     In the event that the Effective Date occurs, all Settlement Class Members

5    will be deemed to have forever released and discharged the Released Claims.  In the event that

6    the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null

7    and void and shall have no effect whatsoever.

8            5.     Prior to the Settlement Hearing, the Settling Parties shall file a joint motion

9    for final approval of the settlement, and the Class Representative and Class Counsel shall file

10   their motion for attorney fees.

11   PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13

14

15   DATED: _____          _____

16                                                  The Honorable Claudia Wilken

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

1

2

3

4

5

6

7

8

9                              UNITED STATES DISTRICT COURT

10                            NORTHERN DISTRICT OF CALIFORNIA

11

12   RONALD CHIN, individually, and on          CASE NO.  4:08-cv-00684-CW
     behalf of other members of the general
     public similarly situated,                 **[PROPOSED] NOTICE TO CLASS
13                                               MEMBERS RE: PENDENCY OF A CLASS
                    Plaintiff,                   ACTION AND NOTICE OF HEARING ON
14                                               PROPOSED SETTLEMENT**
            vs.
15
     WACHOVIA FINANCIAL SERVICES,
16   INC.; WACHOVIA MORTGAGE
     CORPORATION; WACHOVIA
17   SERVICES, INC.; WORLD MORTGAGE
     COMPANY; WACHOVIA
18   COMMERCIAL MORTGAGE, INC.;
     WORLD SAVINGS, INC.; WACHOVIA
19   EQUITY SERVICING, LLC;
     WACHOVIA BANK, N.A.; WACHOVIA
20   CORPORATION; WACHOVIA
     MORTGAGE, FSB; and DOES 1 through
21   10, inclusive,
                    Defendants.
22                                              **Other Case Affected by Settlement**:  *Chin v.*
                                                *Wachovia Financial Services, Inc., et al.*, Case No.
23                                              4:08-cv-01320-CW

24

25

26

27

28

**THIS NOTICE MAY AFFECT YOUR RIGHTS;
PLEASE READ IT CAREFULLY.
PLEASE DO NOT CONTACT THE COURT OR
THE COURT CLERK REGARDING THIS MATTER.**

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE
COURT.  IT SHOULD NOT BE UNDERSTOOD TO BE AN EXPRESSION OF THE
COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE
PARTIES.  THIS NOTICE WILL SET FORTH YOUR OPTIONS UNDER A PROPOSED
SETTLEMENT AND HOW YOU CAN RESPOND TO THAT SETTLEMENT,
INCLUDING HOW YOU CAN SUBMIT A CLAIM FOR PAYMENT.**

Please understand that this is not a notice of a lawsuit against you.  You have not been sued.  Class Counsel encourage Class Members to read this Notice carefully and participate in the action and submit Claim Forms.  Wachovia takes no position as to how Class Members should respond, and their participation in the settlement will not impact their employment or relationship with the Company in any manner.  Wachovia is not permitted to retaliate against class members for any action taken or not taken with respect to this settlement.

## I.     INTRODUCTION AND SUMMARY

This is to notify you of two lawsuits filed on January 29, 2008, against Wachovia concerning the compensation of hourly tele-finance loan representatives, *i.e.,* Telefi/ELOC Loan Representatives (who during the relevant time period, may have been called various titles including without limitation Loan Representative I – Telefi/ELOC (Job Code 57-800, Grade 024); Loan Representative II – Telefi/ELOC (Job Code 57-801, Grade 025); Loan Representative Sr. – Telefi/ELOC (Job Code 57-802, Grade 026); Loan Representative Exec – Telefi/ELOC (Job Code 57-803, Grade 027); and Loan Representative Exec Sr. – Telefi/ELOC (Job Code 57-804, Grade 028)).

The two lawsuits, entitled *Chin v. Wachovia Financial Services, Inc., et al.*, United States District Court for the Northern District of California, Case No. 4:08-cv-00684-CW, and *Chin v. Wachovia Financial Services, Inc., et al.*, United States District Court for the Northern District of California, Case No. 4:08-cv-01320-CW, collectively allege that Wachovia failed to comply with various California employment laws and regulations relating to the payment of overtime wages, the provision of meal and rest periods, recordkeeping, and the timing of wage

1   payments.  The two suits are collectively brought on behalf of Telefi/ELOC Loan Representatives

2   employed by Wachovia or World Mortgage Company in San Leandro, California during the

3   period from January 29, 2004 through **[insert date]**.  You have received this Notice because

4   Wachovia records indicate you are a member of this Class of people.

5           Wachovia has reviewed the claims in detail, and it has denied any wrongdoing or

6   liability in this matter.  Wachovia takes seriously its responsibilities as an employer and its

7   associated obligations to its employees, and it has worked with the plaintiff and his counsel to

8   resolve this matter and address any possible questions and avoid the further expense and burden

9   of litigation pursuant to the procedure set forth in this Notice.

10          The purpose of this Notice is to inform you of the pending settlement agreement

11   and your rights under it.  Because you have received this Notice to Class Members, Wachovia

12   records indicate you are one of the Telefi/ELOC Loan Representatives employed by Wachovia or

13   World Mortgage Company at the San Leandro, California call center who is included in the

14   proposed Class and is eligible to participate in the settlement.

15          This Notice will provide instructions on the options available to you – in

16   particular, it will explain how you can either participate in this settlement by submitting a claim

17   for monetary payment, opt out of the settlement altogether or take other or no actions.  If you take

18   no action, you will be subject to this agreement and the associated judgment (and the associated

19   release), but you will not receive any payment.

20          **II.     DESCRIPTION OF THE UNDERLYING CLAIMS**

21          The first lawsuit at issue in this notice, entitled *Chin v. Wachovia Financial*

22   *Services, Inc., et al.*, United States District Court for the Northern District of California, Case No.

23   4:08-cv-00684-CW, was originally filed on January 29, 2008.  The lawsuit alleges, among other

24   things, that Wachovia failed to pay its San Leandro, California Telefi/ELOC Loan

25   Representatives all overtime wages allegedly due to them under California law.  In addition, the

26   lawsuit claims that Wachovia failed to provide these employees with appropriate meal and rest

27   breaks and properly itemized wage statements.  Specifically, on behalf of himself and others

28   similarly situated to him, the plaintiff, or Class Representative, alleges that Wachovia violated

1   certain state employment laws, including without limitation the California Labor Code and the

2   California Industrial Welfare Commission Wage Orders, by purportedly, among other things, (a)

3   failing to pay all overtime wages allegedly due to Telefi/ELOC Loan Representatives in San

4   Leandro, California, for hours that the employees worked in excess of eight hours in a day or in

5   excess of forty hours in a week during the pertinent period; (b) preventing these employees from

6   taking uninterrupted 30-minute meal periods and 10-minute rest periods that the employees were

7   entitled to take; (c) failing to provide these employees with complete and accurate wage

8   statements that included, among other things, their social security numbers; and (d) failing to pay

9   these employees all wages allegedly owed to them within the appropriate time periods established

10  by state law.

11          The second lawsuit, entitled *Chin v. Wachovia Financial Services, Inc., et al.*,

12  United States District Court for the Northern District of California, Case No. 4:08-cv-01320-CW,

13  was also originally filed on January 29, 2008.  The lawsuit makes virtually the same claims as the

14  first lawsuit, but the plaintiff seeks to recover penalties pursuant to the California Labor Code

15  Private Attorney General Act of 2004 on behalf of other aggrieved employees.

16          Although Wachovia believes that it had ample basis to contest these allegations,

17  Wachovia nevertheless felt it important to work with the Class Representative and his counsel in

18  an effort to address these issues.  Accordingly, and subject to Court approval, the Settling Parties

19  have entered a settlement agreement that provides for the certification of a class consisting of

20  Telefi/ELOC Loan Representatives.

21          Subject to Court approval and other conditions, this settlement will provide for the

22  payment of a settlement sum to eligible individuals who properly submit Claim Forms.  The

23  terms of this settlement will be discussed in greater detail below.

24                  **III.    DESCRIPTION OF THE SETTLEMENT**

25          On behalf of other members of the Settlement Class, the Class Representative has

26  reached a voluntary settlement agreement with Wachovia.  Through this settlement, neither

27  Wachovia nor any of its affiliates or employees has admitted any liability or wrongdoing.  A full

28  copy of the settlement agreement, which is entitled the Stipulation of Settlement re: Class Action,

1   as preliminarily approved by the Court, as well as other public documents filed with regard to this

2   matter can be inspected in the Office of the Court Clerk.  Please see Section IX of this Notice for

3   further details.

4           Under the terms of the settlement, Class Members who do not opt out of the

5   settlement will remain subject to the judgment and be precluded from bringing any "Released

6   Claims" against Wachovia or any of its affiliates in the future, whether they submit Claim Forms

7   or not.  Specifically, those Class Members who do not opt out of the matter will be precluded

8   from bringing "Released Claims," which are defined as any claims, including unknown claims,

9   demands, rights, liabilities and causes of action of every nature and description whatsoever by a

10  Class Member relating to his or her employment with, or work for, Wachovia or any of its

11  affiliates in California, including without limitation statutory, constitutional, contractual or

12  common law claims, whether known or unknown, whether or not concealed or hidden, against

13  Wachovia or its employees, agents, or affiliates, that accrued at any time between January 29,

14  2004 and **[insert date]** for any type of relief, including without limitation claims for wages,

15  damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees,

16  litigation costs, restitution, or equitable relief, based on the following categories of allegations:

17  (a) any and all claims for the failure to pay any type of regular or premium wages (including

18  premium overtime wages); (b) any and all claims for the failure to provide meal and/or rest

19  periods and/or to pay additional sums of money in lieu thereof; (c) any and all claims for failure

20  to comply with payroll or wage record-keeping or itemization requirements; (d) any and all

21  claims for failure to timely pay wages due at termination or otherwise; or (e) to the extent not

22  covered above, any claim pled in either of the previously-cited lawsuits filed by Ronald Chin on

23  January 29, 2008.  The Released Claims include without limitation claims meeting the above

24  definition under any and all applicable statutes, including without limitation the federal Fair

25  Labor Standards Act, the Portal to Portal Act, California Labor Code § 200 *et seq*., California

26  Labor Code § 512, California Labor Code § 1194, the California Unfair Competition Act, and in

27  particular, California Bus. & Prof. Code § 17200 *et seq*., the California Labor Code Private

28  Attorneys General Act of 2004, codified at California Labor Code §§ 2698 *et seq*., and any other

- 4 -

provision of the California Labor Code or any applicable California Industrial Welfare

Commission Wage Orders, in all of their iterations (including without limitation Wage Order 4

and the wage, overtime, meal and rest period, and record-keeping provisions thereof).

With respect to Released Claims only, all Settlement Class Members, *i.e.,* people

who do not opt out of the settlement, shall be deemed to have, and by operation of the judgment

shall have, expressly waived, with respect to all "Released Claims," the rights and benefits of

California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

Those Class Members who do not opt out of the settlement and who submit

Qualifying Claim Forms in a proper manner will receive a payment according to the responses on

their Claim Forms and the number of weeks they worked at Wachovia or World Mortgage

Company in San Leandro, California as a Telefi/ELOC Loan Representative during the pertinent

period.  Specifically, pursuant to these calculations and under the terms of this settlement, if Class

Members do not opt out of the settlement and also submit Qualifying Claim Forms and properly

become participating claimants, then they will receive payment in a gross amount, less required

deductions and/or withholdings, equal to their number of qualifying work weeks at Wachovia or

World Mortgage Company during the pertinent period multiplied by the settlement variable.

Specifically, for qualifying work weeks during which a Class Member was employed as a

Telefi/ELOC Loan Representative, the settlement variable is estimated to be approximately

$29.49.  Thus, for example, if a Participating Class Member worked fifty qualifying work weeks

as a Telefi/ELOC Loan Representative, he or she would be entitled to a gross payment of

approximately $1,474.50.

Wachovia records demonstrate that you, the Class Member receiving this Notice,

worked [____] qualifying work weeks during the pertinent period as a Telefi/ELOC Loan

Representative.  Based on your qualifying work weeks, your estimated individual gross recovery

- 5 -

1   is approximately [$ SETTLEMENT SUM] before pertinent withholdings and adjustments for

2   payroll taxes.  If you dispute this number and claim that you worked fewer or more weeks as a

3   Telefi/ELOC Loan Representative in San Leandro, California, *during the period from* January 29,

4   2004 through **[insert date]**, you may present this dispute to Class Counsel (at the address

5   provided below) or the Claims Administrator (at the address provided on the attached forms)

6   provided you submit this dispute no later than **[NOTICE RESPONSE DEADLINE]**.  If you

7   dispute the number of weeks credited above but still wish to participate in the settlement while

8   that dispute is resolved, you must submit a Claim Form on or before to the **[NOTICE**

9   **RESPONSE DEADLINE].**

10          A portion of any payment made to a participating claimant will be subject to

11   required wage withholdings and deductions and adjustments for taxes, and so the net payable

12   amount will be less than the gross amount of settlement sum.  Specifically, Wachovia will report

13   fifty percent of this payment to relevant government entities as a wage payment, and the other

14   fifty percent as a non-wage payment.  Wachovia reserves the right to make any required

15   withholdings or deductions as required by applicable law, and Class members should be advised

16   that Wachovia will report any payments made pursuant to this agreement to the Internal Revenue

17   Service and other relevant government entities (if any) as required by law.

18          Pursuant to the settlement and subject to final approval by the Court, the attorneys

19   for the Class Representative and the Class (herein "Class Counsel") will be paid a sum sufficient

20   to compensate them for their services in this matter.  Under the terms of the settlement, the

21   payment to Class Counsel for attorneys' fees will be in a maximum amount of $150,000, which is

22   one-third (33.33%) of the total maximum amount that Wachovia can pay under the settlement.  In

23   addition, the payment to Class Counsel for allowable litigation costs will be in a maximum

24   amount of $10,000.  Wachovia will pay the attorney fee and costs award.  Class Members will not

25   be required to compensate Class Counsel.  Wachovia will also pay the Class Representative the

26   sum of $10,000 as an "enhancement award" for his services as the Class Representative in this

27   matter.

28          **Only those individuals who remain members of the Class will be eligible to**

- 6 -

1    **participate in this settlement and receive payment under this agreement, and only those**

2    **individuals who submit Qualifying Claim Forms will receive payment.  All individuals who**

3    **do not opt out will be subject to the judgment and the release described above.  On the**

4    **other hand, those Class Members who opt out of the settlement will not be eligible to receive**

5    **any payment pursuant to this settlement, nor will they be bound by the judgment and**

6    **associated waiver or release of related claims.  Class Members who opt out will retain the**

7    **right to pursue their own claims, provided those claims are not barred by the statute of**

8    **limitations or otherwise precluded.**

9            For Class Members who execute or have executed severance agreements and

10   associated releases on or before **[insert date]**, those severance agreements and associated releases

11   will not affect the Class Members' ability to submit Settlement Claim Forms, become

12   Participating Claimants and receive payments.  To the extent Class Members opt out of the

13   settlement, however, Wachovia reserves the right to argue that their claims are barred by the

14   severance agreements and associated releases.

15           Class Members may if they wish consult a licensed accountant or tax preparer in

16   connection with participating in this settlement by submitting a Claim Form or otherwise

17   responding to this Notice.  Neither the Class Representative, Class Counsel nor Wachovia makes

18   any representations concerning the tax consequences of this settlement or participation in it.

19                        **IV.    CERTIFICATION AND HEARING THEREON**

20           Following a hearing on or about **[XXXX]**, pursuant to the procedures for the

21   approval of class actions and the Federal Rules of Civil Procedure, Rule 23, the Court granted

22   preliminary approval for the settlement of this matter as a class action and scheduled a hearing on

23   final approval for **[XXXX]**.  This hearing will take place before the Honorable Claudia Wilken,

24   Courtroom 2, 4th Floor, at the United States District Courthouse, 1301 Clay Street, Suite 400 S,

25   Oakland, CA.  Members of the Class, including you, the person receiving this Notice, can express

26   their views on the settlement at or before this hearing but you are not required to do so, nor are

27   you required to attend this hearing to exercise any of your rights, including either the right to

28   participate in this settlement or the right to opt out of this action.  Members of the Class can

exercise either their right to obtain payment or opt out by following the instructions contained in this Notice; again, **no appearance at the hearing** is required.

In addition to scheduling this hearing, the Court approved this Notice and approved the request to mail this Notice to all members of the relevant Class.  This conditional certification order does not reflect the Court's opinion on the merits of any claim or defense raised by the parties.

A full copy of this conditional certification order as well as other public documents filed with regard to this matter can be inspected and copied in the Office of the Court Clerk. Please see Section IX of this Notice for further details.

### V.    CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, the recipient of this Notice, *i.e.,* you, wish to change the name or address listed on the envelope in which this Notice was sent, please complete, execute and mail the form entitled "Change of Name and/or Address Information" attached to this Notice as Form A.

### VI.    THE RIGHTS AND OPTIONS OF CLASS MEMBERS

Because you have received this Notice, you are currently a member of the conditionally certified Class.  Current members of the Class have several options:

**First**, individuals such as you, the person receiving this Notice, who are currently members of the Class may elect to "opt out" of the Settlement Class and thus exclude themselves from this action and the associated settlement and judgment.  Class Members who opt out of this action would remain free, subject to the statute of limitations and applicable statutory, common law or other restrictions, to bring what would otherwise be waived Released Claims against Wachovia.  Class members who wish to exercise this option should review the form entitled "Election to Opt Out of Settlement and Class Action" attached to this Notice as Form B, and must complete, execute and mail this election notice in the manner and by the deadline specified on the form.  Class Members who opt out of this lawsuit and the associated settlement forfeit their right to submit a claim for payment under the specific settlement described herein.

**Second**, individuals such as you, the person receiving this Notice, who are

- 8 -

currently members of the Class may elect to participate in the settlement by submitting a claim

for payment under the settlement.  Class Members who choose this option and remain in the

Settlement Class will be represented by the Class Representative and Class Counsel.  The lawyers

acting as Class Counsel in this matter are:

MARC PRIMO
MÓNICA BALDERRAMA
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067

If you choose this option and properly submit a Claim Form that demonstrates

your entitlement to a payment (*i.e.,* the second of the two check boxes on the Claim Form is

marked), you will remain a member of the Settlement Class and will receive payment pursuant to

the settlement agreement (per the formula set forth above), and you will be subject to the

judgment rendered in this action, *i.e.,* the judgment issued in connection with the settlement

obtained for the Class.  (Above, this Notice discusses the settlement, the associated judgment in

this matter, and the effect of this judgment.)  Only Settlement Class Members that properly

submit Claim Forms will receive payment.  In this case, if you submit a qualifying claim form

demonstrating your eligibility, you will receive [PAYMENT AMOUNT], a figure that has been

calculated on the basis of your tenure with the company.  Class members who wish to submit a

claim and receive payment must review the form entitled "Settlement Claim Form" attached to

this Notice as Form C, and then fully complete, execute and mail this election notice in the

manner and by the deadline specified on the form.

Whether they submit a claim for payment or not, all members of the Class who do

not opt out of the settlement (per the procedure discussed above) shall be deemed to have forever

released and discharged Wachovia and all of its past and present affiliates, directors, officers and

employees from any and all Released Claims, as that term is defined above and in the Stipulation

of Settlement on file with the Court.  Class Members who do not opt out of the settlement may

object to the terms or nature of the settlement.  The procedure for doing so is set forth below in

Section VIII.  In addition, Class Members may, at their own expense, retain their own lawyers for

1    purposes of presenting their objections.  Class Members are not required, however, to obtain their

2    own counsel in order to submit objections.

3                    **VII.    THE PEOPLE RECEIVING THIS NOTICE**

4                    The Class Representative has brought the suits at issue as class and representative

5    actions.  In class and representative actions, one or more persons bring claims on behalf of

6    themselves and others who purportedly are in similar situations or have similar claims.  In other

7    words, the Class Representative is seeking to represent those who are similarly situated and thus

8    may also have similar or related claims.  In order to ensure that all Class Members are given an

9    adequate opportunity to protect their rights, this Notice is being mailed to the last known

10   addresses of all Class Members.

11                   **VIII.   HEARING ON SETTLEMENT**

12                   The Court will hold a hearing on the advisability and propriety of this settlement

13   on **[XXXX]**.

14                   This hearing will take place before the Honorable Claudia Wilken, United States

15   District Court for the Northern District of California, Courtroom 2, 4th Floor, 1301 Clay Street,

16   Suite 400 S, Oakland, California 94612.  Prior to this hearing, Class Members may submit any

17   written objections to the settlement agreement by delivering them to any of the Class Counsel

18   designated above or to the Claims Administrator, Rust Consulting, Inc., re:  Chin Matter, P.O.

19   Box _____, Minneapolis, MN 55440-0151, no later than **[NOTICE RESPONSE DEADLINE]**.

20   Class Members may also attend the hearing to express their views on or state any objections to

21   the settlement, provided that they must submit timely written objections if they wish to object at

22   the hearing.  **Attendance at this hearing is completely optional; attendance at the hearing is**

23   **not required to participate in the settlement or to opt out of the lawsuit.**

24                   **IX.    EXAMINATION OF PAPERS FILED IN THIS ACTION**

25                   This Notice does not fully describe the action.  Members of the public, including

26   but not limited to those whose rights may be affected by this action, may inspect the files through

27   the Court Clerk at the following address:  Office of the Clerk, United States District Court for the

28   Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, California 94612.

- 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF*

*THE COURT WITH QUESTIONS REGARDING THIS ACTION.*

[PROPOSED] NOTICE TO CLASS MEMBERS

1

**FORM A**

2

3

**FOR**

4

5

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE**

6

**OF HEARING ON PROPOSED SETTLEMENT THEREOF**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Change of Name and/or Address Information**

Pursuant to Section V of the Notice to Class Members, I wish to change my name and/or mailing address information to the following:

Name:

Street and Apt. No., if any:

City, State and Zip Code:

For purposes of verification only, I began working at Wachovia or World Mortgage Company in

_____, _____.

(Month)                    (Year)

I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I may be entitled (if any), will be sent to the address listed above and not to the address previously used.  I hereby request and consent to the use of the address listed above for these purposes.

DATED: _____ ___, 2009          Submitted By:

_____

Print Name

_____

Signature

_____

Date

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re:  Chin Matter

P.O. Box _____, Minneapolis, MN 55440-0151

**THIS FORM MUST BE RECEIVED BY [NOTICE RESPONSE DEADLINE],**

**TO CHANGE YOUR ADDRESS**

- 13 -

1

2                                            **FORM B**

3

4                                              **FOR**

5

6     **NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE**

7                 **OF HEARING ON PROPOSED SETTLEMENT THEREOF**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Election to Opt Out of Settlement and Class Action**

Pursuant to Section VI of the Notice to Class Members, I understand that I have the option to elect to "opt out" of the Settlement Class and hereby do exclude myself from this action and the associated settlement and judgment.  I understand that by exercising this option, I will remain free to prosecute my own otherwise valid claims, if any, against Wachovia for any Released Claims (as defined above), subject to the statute of limitations and other applicable restrictions.  I also understand that by electing to opt out, I will be precluded from participating in any settlement or receiving payment or other benefit pursuant to the settlement of or judgment in this action.  I further understand that if I elect to opt out and prosecute my claims on my own, and if I desire representation by an attorney, I will need to hire or otherwise retain an attorney for that purpose.

With full understanding of the foregoing, I elect to opt out of the lawsuit and associated settlement.

Name of Class Member (print):

Address:

City, State and Zip Code:

Date:  _____

Signature: _____

For purposes of verification only, I began working at Wachovia or World Mortgage Company in

_____, _____.

(Month)                              (Year)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re:  Chin  Matter

P.O. Box _____, Minneapolis, MN 55440-0151

**THIS FORM MUST BE RECEIVED BY [NOTICE RESPONSE DEADLINE], TO BE VALID**

- 15 -

1

**FORM C**

2

3

**FOR**

4

5

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE**

6

**OF HEARING ON PROPOSED SETTLEMENT THEREOF**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Settlement Claim Form**

**for Chin v. Wachovia Financial Services, Inc. et al.,**

**Case No. 4:08-cv-00684, United States District Court for the Northern District of California**

Pursuant to Section VI of the Notice, I hereby confirm that I am eligible to participate in this settlement because I was employed by Wachovia or World Mortgage Company in San Leandro, California at some point between January 29, 2004 and **[insert date]** as a Telefi/ELOC Loan Representative, holding one or more of the following job titles: Loan Representative I – Telefi/ELOC; Loan Representative II – Telefi/ELOC; Loan Representative Sr. – Telefi/ELOC; Loan Representative Exec – Telefi/ELOC; Loan Representative Exec Sr. – Telefi/ELOC.

I further confirm the following:  During my tenure as a Telefi/ELOC Loan Representative for World Mortgage Company (World Savings) and/or Wachovia, in San Leandro, California, (check one and only one):

☐ I was always paid for all hours worked and was always provided with and always took one thirty-minute meal period and two ten-minute rest periods every shift; or

☐ I was either (1) not always paid for all hours worked, i.e., I worked hours for the company that I did not record or I recorded such hours but was not paid for them; (2) I did not always receive and take one full and uninterrupted thirty-minute meal period by the end of the fifth hour of every shift; and/or (3) I did not always receive or take two ten-minute rest periods on each shift; or (4) any of the above.

I understand that if I check the first box, I will receive nothing under the settlement.  If I check the second box, I will receive my individual recovery.  I further acknowledge that I understand and agree, that by exercising this option, my recovery will be the gross amount calculated pursuant to the settlement formula, *i.e.,* my individual number of qualifying work weeks listed in this Notice multiplied by the pertinent variable for me (minus the withholdings required by federal and state law), and nothing further.  I also understand that by not electing to opt out of this settlement, I will be subject to the judgment, waive the protections of

California Civil Code Section 1542[2] and will be precluded from pursuing any Released Claims, as defined above and in the settlement agreement. I hereby confirm that the foregoing is true and accurate to the best of my knowledge.

I further acknowledge that by signing below, I will release claims under the Fair Labor Standards Act, and I am consenting to opt into this action for purposes of 29 U.S.C. § 216(b).

Name of Class Member (print):

Address:

City, State and Zip Code:

Date:   _____

Signature:   _____

For purposes of verification only, I began working at Wachovia or World Mortgage Company in

_____, _____.

(Month)                          (Year)


PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re:  Chin Matter

P.O. Box _____, Minneapolis, MN 55440-0151


**FORMS MUST BE RECEIVED NO LATER THAN [NOTICE RESPONSE DEADLINE]**

**IN ORDER TO BE VALID AND EFFECTIVE.**

---

[2] California Civil Code Section 1542 provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

- 18 -

# EXHIBIT 3

1    MALCOLM A. HEINICKE (SBN 194174)
     Malcolm.Heinicke@mto.com
2    MUNGER, TOLLES & OLSON LLP
     560 Mission Street
3    Twenty-Seventh Floor
     San Francisco, CA  94105-2907
4    Telephone:     (415) 512-4000
     Facsimile:     (415) 512-4077
5
     Attorneys for Defendants
6    WACHOVIA FINANCIAL SERVICES, WACHOVIA MORTGAGE
     CORPORATION, WACHOVIA SHARED RESOURCES, LLC
7    (erroneously sued as Wachovia Services, Inc.), WORLD
     MORTGAGE COMPANY, WACHOVIA COMMERCIAL
8    MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA
     EQUITY SERVICING, LLC, WACHOVIA BANK, N.A., WACHOVIA
9    CORPORATION, and WACHOVIA MORTGAGE, FSB
10   PLAINTIFF'S COUNSEL LISTED ON NEXT PAGE
11
12                    UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
14
15   RONALD CHIN, individually, and on        CASE NO.  4:08-cv-00684-CW
     behalf of other members of the general
16   public similarly situated,               **[PROPOSED] ORDER DETERMINING
                                               GOOD FAITH AND GRANTING FINAL
17                        Plaintiff,           APPROVAL OF SETTLEMENT**
18          vs.                                Date:
                                               Time:
19   WACHOVIA FINANCIAL SERVICES,              Place:
     INC.; WACHOVIA MORTGAGE
20   CORPORATION; WACHOVIA                     **HONORABLE CLAUDIA WILKEN**
     SERVICES, INC.; WORLD MORTGAGE
21   COMPANY; WACHOVIA
     COMMERCIAL MORTGAGE, INC.;
22   WORLD SAVINGS, INC.; WACHOVIA
     EQUITY SERVICING, LLC;
23   WACHOVIA BANK, N.A.; WACHOVIA             **Other Case Affected by Settlement**: *Chin v.*
     CORPORATION; WACHOVIA                     *Wachovia Financial Services, Inc., et al.*, Case No.
24   MORTGAGE, FSB; and DOES 1 through         4:08-cv-01320-CW
     10, inclusive,
25                        Defendants.
26
27
28

                        [PROPOSED] ORDER DETERMINING GOOD FAITH

1  MARC PRIMO (SBN 216796)
   MPrimo@InitiativeLegal.com
2  MÓNICA BALDERRAMA (SBN 196424)
   MBalderrama@InitiativeLegal.com
3  INITIATIVE LEGAL GROUP APC
   1800 Century Park East, 2nd Floor
4  Los Angeles, California 90067
   Telephone:     (310) 556-5637
5  Facsimile:     (310) 861-9051

6  Attorneys for Plaintiff RONALD CHIN and proposed
   Settlement Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Having considered the Stipulation Re: Settlement of Class Action ("Stipulation")

2    and all other materials properly before the Court and having conducted an inquiry pursuant to the

3    Federal Rules of Civil Procedure, Rule 23, the Court finds that the Stipulation was entered by all

4    parties in good faith, and the Stipulation is approved, including an award of attorneys' fees for

5    Class Counsel in the amount of $150,000 and allowable litigation costs and expenses of up to

6    $10,000.  The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment

7    provided in the Stipulation.  Wachovia, itself or through the Claims Administrator, shall deliver

8    the payments to the Participating Claimants, the Class Representative and Class Counsel as

9    provided for in the Stipulation.

10

11    PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13

14

15   DATED: _____          _____

                                              The Honorable Claudia Wilken

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

[PROPOSED] ORDER DETERMINING GOOD FAITH

# EXHIBIT 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   MALCOLM A. HEINICKE (SBN 194174)
    Malcolm.Heinicke@mto.com
2   560 Mission Street
    Twenty-Seventh Floor
3   San Francisco, CA  94105-2907
    Telephone:     (415) 512-4000
4   Facsimile:     (415) 512-4077

5   Attorneys for Defendants
    WACHOVIA FINANCIAL SERVICES, WACHOVIA MORTGAGE
6   CORPORATION, WACHOVIA SHARED RESOURCES, LLC
    (erroneously sued as Wachovia Services, Inc.), WORLD
7   MORTGAGE COMPANY, WACHOVIA COMMERCIAL
    MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA
8   EQUITY SERVICING, LLC, WACHOVIA BANK, N.A., WACHOVIA
9   CORPORATION, and WACHOVIA MORTGAGE, FSB

10  PLAINTIFF'S COUNSEL LISTED ON NEXT PAGE

11

12                   UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15  RONALD CHIN, individually, and on          CASE NO.  4:08-cv-00684-CW
    behalf of other members of the general
    public similarly situated,                 **[PROPOSED] JUDGMENT**
16
                   Plaintiff,                   Date:
17                                              Time:
         vs.                                    Place:
18
    WACHOVIA FINANCIAL SERVICES,                **HONORABLE CLAUDIA WILKEN**
19  INC.; WACHOVIA MORTGAGE
    CORPORATION; WACHOVIA
20  SERVICES, INC.; WORLD MORTGAGE
    COMPANY; WACHOVIA
21  COMMERCIAL MORTGAGE, INC.;
    WORLD SAVINGS, INC.; WACHOVIA
22  EQUITY SERVICING, LLC;
    WACHOVIA BANK, N.A.; WACHOVIA       **Other Case Affected by Settlement**:  *Chin v.*
23  CORPORATION; WACHOVIA              *Wachovia Financial Services, Inc., et al.*, Case No.
    MORTGAGE, FSB; and DOES 1 through   4:08-cv-01320-CW
24  10, inclusive,
                   Defendants.
25

26

27

28

MARC PRIMO (SBN 216796)
MPrimo@InitiativeLegal.com
MÓNICA BALDERRAMA (SBN 196424)
MBalderrama@InitiativeLegal.com
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:      (310) 556-5637
Facsimile:      (310) 861-9051

Attorneys for Plaintiff RONALD CHIN and proposed
Settlement Class

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Stipulation re: Settlement of Class Action (the "Stipulation").  Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

        1.     The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class Action ("Stipulation") filed in this case.

        2.     The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Wachovia.

        3.     The Court finds that the distribution of the Notice to Class Members, as provided for in the Order Granting Preliminary Approval of Settlement and Setting a Settlement Hearing, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and California law.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.  The Court further finds that the Settling Parties have further satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act, *i.e.,* 28 U.S.C. § 1715.

        4.     The Court finds in favor of settlement approval.

        5.     The Court approves the settlement of the above-captioned action and related case, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

        6.     Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement

1   Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and

2   the other Members of the Settlement Class.  The Settling Parties are to bear their own costs,

3   except as otherwise provided in the Stipulation.

4          7.     Solely for purposes of effectuating this settlement, this Court has certified a

5   class of all Members of the Settlement Class, as that term is defined in and by the terms of the

6   Stipulation, and the Court deems this definition sufficient for purposes of due process and Rule

7   23.

8          8.     With respect to the Settlement Class and for purposes of approving this

9   settlement, this Court finds and concludes that:  (a) the Members of the Settlement Class are

10  ascertainable and so numerous that joinder of all members is impracticable; (b) there are

11  questions of law or fact common to the Settlement Class, and there is a well-defined community

12  of interest among Members of the Settlement Class with respect to the subject matter of the

13  Litigation; (c) the claims of Class Representative Chin are typical of the claims of the Members

14  of the Settlement Class; (d) the Class Representative has fairly and adequately protected the

15  interests of the Members of the Settlement Class; (e) a class action is superior to other available

16  methods for an efficient adjudication of this controversy; and (f) the counsel of record for the

17  Class Representative, *i.e.,* Class Counsel, are qualified to serve as counsel for the plaintiff in his

18  individual and representative capacities and for the Settlement Class.

19         9.     By this Judgment, the Class Representative shall release, relinquish and

20  discharge, and each of the Settlement Class Members shall be deemed to have, and by operation

21  of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all

22  Released Claims (including Unknown Claims).  The Released Claims, as more fully defined in

23  the Stipulation, include any and all claims, demands, rights, liabilities and causes of action of

24  every nature and description whatsoever including without limitation statutory, constitutional,

25  contractual or common law claims, whether known or unknown, whether or not concealed or

26  hidden, against the Wachovia Releasees, or any of them, that accrued at any time from January

27  29, 2004 through the Preliminary Approval Date for any type of relief, including without

28  limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive

damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of regular or premium wages (including without limitation premium overtime wages or meal and/or rest period premiums); (b) any and all claims for the failure to provide meal and/or rest periods; (c) any and all claims for failure to comply with payroll or wage record-keeping or itemization requirements; (d) any and all claims for failure to timely pay wages due at termination or otherwise; and (e) to the extent not covered above, any claim pled in the Litigation.

10.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Wachovia or any of the Wachovia Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Wachovia or any of the Wachovia Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  In the event that the Effective Date does not occur, Wachovia shall not be estopped or otherwise precluded from contesting class or collective action certification in the Litigation on any grounds.  Wachovia or any of the Wachovia Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants.  Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual.

12.     Wachovia has agreed to pay Class Counsel their reasonable attorneys' fees in this matter in the total amount of $150,000 as well as certain allowable costs in this matter up to the total amount of $10,000, and Wachovia has agreed to pay an enhancement to the Class Representative, Ronald Chin, to reimburse him for his unique services in the amount of $10,000.

- 3 -

1    The Court finds that these agreements are fair and reasonable.  Wachovia is directed to make such

2    payments in accordance with the terms of the Stipulation.

3           13.    The Court reserves exclusive and continuing jurisdiction over the

4    Litigation, the Class Representative, the Settlement Class and Wachovia for the purposes of

5    supervising the implementation, enforcement, construction, administration and interpretation of

6    the Stipulation and this Judgment.  This action is dismissed with prejudice, and the Settling

7    Parties are directed to dismiss the PAGA Action with prejudice per the terms of the Stipulation.

8           14.    This document shall constitute a judgment (and separate document

9    constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

10   IT IS SO ORDERED.

11

12

13

14   DATED: _____          _____

15                                                The Honorable Claudia Wilken

16
     6747540.7
17

18

19

20

21

22

23

24

25

26

27

28

- 4 -