Marc Primo (SBN 216796)
MPrimo@InitiativeLegal.com
Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Ronald Chin
and the proposed Settlement Class

Defendants' Counsel Listed On Next Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHIN, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br>　　vs.<br>WACHOVIA FINANCIAL SERVICES, INC.; WACHOVIA MORTGAGE CORPORATION; WACHOVIA SERVICES, INC.; WORLD MORTGAGE COMPANY; WACHOVIA COMMERCIAL MORTGAGE, INC.; WORLD SAVINGS, INC.; WACHOVIA EQUITY SERVICING, LLC; WACHOVIA BANK, N.A; WACHOVIA CORPORATION; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case Number: 4:08-cv-00684-CW<br><br>Assigned to the Honorable Claudia Wilken<br><br>CLASS ACTION<br><br>**JUDGMENT**<br><br>Date:　　December 9, 2010<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 2<br><br>**Other Case Affected by Settlement**:<br>*Chin v. Wachovia Financial Services, Inc., et al.*, Case No. 4:08-cv-01320-CW |

1  Malcolm A. Heinicke (SBN 194174)
   Malcolm.Heinicke@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
3  Twenty-Seventh Floor
   San Francisco, CA 94105-2907
4  Telephone:  (415) 512-4000
   Facsimile:   (415) 512-4077
5
   Attorneys for Defendants
6  WACHOVIA FINANCIAL SERVIES, WACHOVIA MORTGAGE
   CORPORATION, WACHOVIA SHARED RESOURCES, LLC
7  (erroneously sued as Wachovia Services, Inc.), WORLD
   MORTGAGE COMPANY, WACHOVIA COMMERCIAL
8  MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA
   EQUITY SERVING, LLC, WACHOVIA BANK, N.A., WACHOVIA
9  CORPORATION, and WACHOVIA MORTGAGE, FSB

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Stipulation re: Settlement of Class Action (the "Stipulation").  Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.  The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class Action ("Stipulation") filed in this case.

2.  The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Wachovia.

3.  The Court finds that the distribution of the Notice to Class Members, as provided for in the Order Granting Preliminary Approval of Settlement and Setting a Settlement Hearing, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and California law.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.  The Court further finds that the Settling Parties have further satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act, i.e., 28 U.S.C. § 1715.

4.  The Court finds in favor of settlement approval.

5.  The Court approves the settlement of the above-captioned action and related case, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The

Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6. All of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Settlement Class.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation, and the Court deems this definition sufficient for purposes of due process and Rule 23.

8. With respect to the Settlement Class and for purposes of approving this settlement, this Court finds and concludes that: (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among Members of the Settlement Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Chin are typical of the claims of the Members of the Settlement Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiff in his individual and representative capacities and for the Settlement Class.

9. By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims).  The Released Claims, as more fully defined in the Stipulation, include

any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the Wachovia Releasees, or any of them, that accrued at any time from January 29, 2004 through the Preliminary Approval Date for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of regular or premium wages (including without limitation premium overtime wages or meal and/or rest period premiums); (b) any and all claims for the failure to provide meal and/or rest periods; (c) any and all claims for failure to comply with payroll or wage record-keeping or itemization requirements; (d) any and all claims for failure to timely pay wages due at termination or otherwise; and (e) to the extent not covered above, any claim pled in the Litigation.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Wachovia or any of the Wachovia Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Wachovia or any of the Wachovia Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  In the event that the Effective Date does not occur, Wachovia shall not be estopped or otherwise precluded from contesting class or collective action certification in the Litigation on any grounds.  Wachovia or any of the Wachovia Releasees may file the Stipulation and/or the Judgment from this

1  Litigation in any other action that may be brought against them in order to
2  support a defense or counterclaim based on principles of res judicata, collateral
3  estoppel, release, good faith settlement, judgment bar or reduction or any theory
4  of claim preclusion or issue preclusion or similar defense or counterclaim.

5  11. The only Settlement Class Members entitled to payment pursuant to
6  this Judgment are Participating Claimants. Neither the Stipulation nor this
7  Judgment will result in the creation of any unpaid residue or residual.

8  12. Wachovia has agreed to pay Class Counsel their reasonable
9  attorneys' fees in this matter in the total amount of $150,000 as well as certain
10 allowable costs in this matter up to the total amount of $10,000, and Wachovia
11 has agreed to pay an enhancement to the Class Representative, Ronald Chin, to
12 reimburse him for his unique services in the amount of $10,000. The Court finds
13 that these agreements are fair and reasonable. Wachovia is directed to make
14 such payments in accordance with the terms of the Stipulation.

15 13. The Court reserves exclusive and continuing jurisdiction over the
16 Litigation, the Class Representative, the Settlement Class and Wachovia for the
17 purposes of supervising the implementation, enforcement, construction,
18 administration and interpretation of the Stipulation and this Judgment. This
19 action is dismissed with prejudice, and the PAGA Action **is dismissed** with
20 prejudice per the terms of the Stipulation.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

14. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

**IT IS SO ORDERED.**

DATED: 12/16/2010

_____
The Honorable Claudia Wilken